**OGBURN et al. v. BARSTOW, WARD COUNTY, TEX., DRAINAGE DIST. et al.**
(No. 1235.)

(Court of Civil Appeals of Texas. El Paso. April 28, 1921. Rehearing Denied May 12, 1921.)

**1. Constitutional law ⬅196—Legislature may give retrospectively capacity it might have given in advance, etc.**

It is competent for the Legislature to give retrospectively the capacity it might have given in advance, and to dispense retrospectively with any formality it might have dispensed with in advance.

**2. Drains ⬅66—Purpose of taxation by drainage districts is public purpose and among powers given to Legislature.**

Drainage districts being departments of government, the purpose of taxation by them is a public purpose and among the powers given by the general provisions of the Constitution to the Legislature.

**3. Drains ⬅67—Authority of Legislature to provide for levy of taxes for upkeep of drainage ditches not impaired by constitutional amendment.**

The Legislature had constitutional authority to pass Laws 1913 (Ex. Sess.) c. 36, § 1 (Vernon's Sayles' Ann. Civ. St. 1914, art.

2608b), and Laws 1915, c. 33, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 2603), providing for levy of taxes for the upkeep of drainage ditches, and such power was not taken away by the 1917 amendment to the Constitution, adding to article 16, section 59, designated section 59a.

**4. Drains ⬅67—Statutes providing for levy of taxes for upkeep not violative of Constitution as attempting to levy excessive tax.**

Laws 1913 (Ex. Sess.) c. 36, § 1 (Vernon's Sayles' Ann. Civ. St. 1914, art. 2608b), and Laws 1915, c. 33, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 2603), providing for levies for the upkeep of drainage ditches, are not violative of Const. art. 8, § 9, article 3, § 52, and article 16, § 59, as attempting to levy a tax in excess of that prescribed therein.

Appeal from District Court, Ward County; Chas. Gibbs, Judge.

Suit by J. W. Ogburn and others against the Barstow, Ward County, Tex., Drainage District and others. From judgment for defendants, plaintiffs appeal. Affirmed.

B. W. Baker, of Midland, for appellants.
Birge Holt, of Barstow, for appellees.

HARPER, C. J. The appellants brought this suit in the district court of Ward county, Tex., seeking an injunction restraining the collection of a tax of 50 cents on the $100 valuation levied by the commissioners' court of Ward county for the maintenance and upkeep of the canals of the Barstow, Ward County, Tex., drainage district for the year 1920, and alleged that the drainage district was organized about the year 1907 under a law providing for the organization of such districts, for the issuance of their bonds by a two-thirds vote of the property tax paying voters, and for the levy of a tax for interest and sinking fund, but not making any provision for the levy of any amount of a tax against the property in the district for maintenance and upkeep, and that in the absence of any provision for the levy of a tax for such purpose in the law in effect at the time the taxpaying voters voted to so organize, any subsequent statutes attempting to delegate such authority to so levy a maintenance and upkeep tax is retroactive in effect in the absence of any effort at reorganization after such additional statute became effective. They also alleged that such assessment was without authority of law, and that any statute attempting to delegate authority in the commissioners' court to make such a maintenance levy is unconstitutional and contravenes section 52, art. 3, section 9, art. 8, and section 59, art. 16.

An ex parte hearing was had before the court, all defendants appearing, the case being submitted upon an agreed statement of facts, who denied the injunction prayed for, and from which order the appellants, after

their exception seasonably saved, and the filing of their appeal bond, bring the case to this court for revision.

Agreed statement of facts filed by the parties:

"(1) The Barstow, Ward County, Tex., drainage district was properly organized, and created by a two-thirds vote of the property owners voting at an election held for the purpose in the town of Barstow, Tex., on the 19th day of October, A. D. 1907, under authority and provision of Special Bill No. 55 enacted by the Legislature of the state of Texas, and becoming law of the said state on the 23d day of March, 1907.

"(2) Said Acts of 1907 have been amended and superseded by the Legislative Acts of 1911 now being, amendments subsequent thereto included, articles 2567 to 2625, inclusive.

"(3) J. W. Ogburn and W. H. Lee own lands described in their original petition, and such lands are within the boundaries of the said drainage district, Ogburn's lands being assessed for the year 1920 upon the drainage tax rolls at $13,300, and Lee's land being so assessed at $14,150.

"(4) The commissioners' court of Ward county, Tex., on the 9th day of August, 1920, levied for the benefit of such drainage district a tax of 35 cents upon the $100 valuation for interest and sinking fund, 50 cents on the $100 valuation for maintenance and upkeep purposes, and 5 cents on the $100 valuation for the assessing of taxes.

"(5) That such levy and assessment was under and by virtue of such order of the commissioner's court, and without any election for such purposes within the drainage district, an estimate of the probable cost of maintenance having been submitted by the drainage commissioners for the ensuing year before July 1st of said year.

"(6) H. J. Wade is tax collector of Ward county, Tex., and each of the plaintiffs have personal property within the drainage district."

The drainage district was organized in 1907, under chapter 4, tit. 47, Rev. Civ. Stat. 1911, passed Acts of 1907, by a vote of the resident property tax payers. The form of their ballots is: "For drainage district and the issuance of bonds and levy of tax in payment therefor." There was no provision made by the Legislature for the levy of a tax for upkeep of the ditches.

In 1913 article 2608b was passed, and in 1915 article 2603 passed, providing for a tax levy for said purpose, and the levy sought to be enjoined was made under said statutes. The first question is: Are these statutes inoperative as to this district organized prior to the date of their enactment without an organization of the district by vote, etc., because, as contended by appellants, the original act made no express provision for the assessment and collection of an upkeep tax, and therefore, when the voters of the drainage district voted to create the district, they did not vote for it, having in mind at the time that an additional tax would or could

be levied (upkeep tax) to that of interest and sinking fund to meet the bonds issued and sold for moneys to meet the original construction?

In other words, would it be giving these statutes a retroactive force and effect by assessing and collecting taxes under them for years subsequent to their enactment? We think not.

Article 3, § 52, of the Constitution reads:

"The Legislature shall have no power to authorize any county, * * * or other political * * * subdivision of the state, to lend its credit, * * * provided, however, that under legislative provision any county, any political subdivision of a county, * * * or any defined district now or hereafter to be described and defined within the state of Texas, * * * upon a vote of two-thirds majority of the resident property tax payers voting thereon who are qualified electors of such district * * * to be affected thereby, in addition to all other debts, may issue bonds or otherwise lend its credit, * * * and levy and collect such taxes to pay the interest thereon and provide a sinking fund for the redemption thereof, as the Legislature may authorize, and in such manner as it may authorize the same, for the following purposes to wit: * * * (b) The construction and maintenance of pools, lakes, reservoirs, dams, canals and waterways for the purposes of irrigation, drainage, * * * or in aid thereof."

The statutes under which this district was organized (Rev. St. 1911, art. 2623) contains the following:

"It shall be the duty of the drainage commissioners to keep the canals, drains, ditches and levees, and other improvements made under the provisions of this chapter, in repair, and they shall have general authority to supervise and control the construction and maintenance of same."

[1] It is noted that neither the constitutional provision nor the statute following it above quoted mentions taxation for upkeep of these drainage districts; hence the real question here is: Did the Legislature possess the power to pass a statute under the Constitution, for, if it did, then it is the well-settled law of this state that "it is competent for the Legislature to give retrospectively the capacity it might have given in advance, and to dispense retrospectively with any formality it might have dispensed with in advance." Parker v. Drainage Dist., 148 S. W. 361; Wharton County D. Dist. v. Higbee, 149 S. W. 381.

So, if the Legislature had the power to have passed the statutes now sought to be enforced at the time it passed the act under which the district was organized, it had the power to enact them in 1913 or 1915, and it is valid and enforceable.

[2] Drainage districts being departments of government, the purpose of the taxation is a public purpose, and was among the pow-

ers granted by the general provisions of our Constitution to the Legislature of the state. Black's Constitutional Law (3d Ed.) p. 454; Wharton Co. Drainage District v. Higbee, 149 S. W. 381.

[3] There is no doubt the Legislature had constitutional authority to pass the statute under which this levy was made, for the reason that there was no infringement upon its constitutional power in doing so, unless, as suggested, by appellant, the amendment to the Constitution voted in 1917 took that power away.

This amendment by its preamble adds section 59 to article 16. In the body thereof the section is designated section 59a. The title is "Conservation of Natural Resources," adopted after the enactment of these statutes.

This amendment nowhere amends, alters, changes, or modifies any of the constitutional provisions above mentioned, but clearly is additional thereto, and declares that—

"The Legislature shall not authorize the issuance of any bonds or provide for any indebtedness against any reclamation district [created thereunder] unless such proposition shall first be submitted to the qualified property tax paying voters of such district and the proposition adopted."

Therefore it does not void any organized district then existing under the section of the Constitution and articles of the statute above quoted.

[4] Again it is urged that the articles 2608b and 2603 are unconstitutional in view of section 9, art. 8, section 52, art. 3, and section 59, art. 16, of the Constitution of Texas, in that they attempt to levy a tax in excess of that prescribed therein.

The answer to this contention is that section 9 of article 8 provides:

"The state tax on property, exclusive of the tax necessary to pay the public debt, and of the taxes provided for the benefit of the public free schools, shall never exceed thirty-five cents on the one hundred dollars valuation; and no county, city or town shall levy more than twenty-five cents for city or county purposes, and not exceeding fifteen cents for roads and bridges, and not exceeding fifteen cents to pay jurors, on the one hundred dollars valuation; and for the erection of public buildings * * * and other permanent improvements, not to exceed twenty-five cents on the one hundred dollars valuation, in any one year, except as is in this Constitution otherwise provided."

The latter provision relieves this levy of the vice charged because this drainage district was organized under a different section of the Constitution, which, if it did not contain express authority to the Legislature to authorize the levy and collection of the tax in addition to the other provisions, by necessary implication the authority attached in support of the power to levy taxes to maintain one of the departments of government.

Finding no error, the judgment is affirmed.