## PARKER v. EL PASO COUNTY WATER IMPROVEMENT DIST. NO. 1 et al.*
(No. 1551.)

(Court of Civil Appeals of Texas. El Paso. Feb. 21, 1924. Rehearing Denied April 3, 1924.)

Waters and water courses ⬅226—Lands having riparian rights held lawfully included in and taxed by an irrigation district.

Under federal Reclamation Act (U. S. Comp. St. §§ 4700–4708), authorizing construction of irrigation works by Department of the Interior, but leaving the control, appropriation, use, and distribution of the water to the states, and making no distinction between riparian and nonriparian lands, Const. art. 16, § 59, authorizing the creation of districts to control, store, etc., storm and flood waters for irrigation and drainage purposes, Laws 1905, c. 101, authorizing the United States to appropriate certain unappropriated waters in Texas, and Laws 1917, c. 87 (Vernon's Ann. Civ. St. Supp. 1918, art. 5107—1 et seq.) establishing water improvement districts for irrigation purposes with power to determine lands to be included and excluded, levy and collect taxes and allowing landowners to petition to be excluded, held, that lands having riparian rights were lawfully embraced within an irrigation district

organized to store and control flood waters of the Rio Grande, and when so embraced were subject to such taxation as from time to time should be lawfully levied by the district.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Suit by A. H. Parker against the El Paso County Water Improvement District No. 1 and another. Judgment for named defendant, and plaintiff appeals. Affirmed.

F. G. Morris, of El Paso, for appellant.
Burges & Burges, of El Paso, for appellee.

WALTHALL, J. Appellant, A. H. Parker, brought this suit against appellee, El Paso County Water Improvement District No. 1, a corporation organized under the laws of the state of Texas, and hereinafter called improvement district, asking injunctive relief, enjoining and restraining it, its agents and employees, from obstructing the flow of water from the Rio Grande into and through a certain ditch and onto all parts of appellant's lands, or to otherwise obstruct him in taking water from the Rio Grande for irrigation purposes, and for judgment removing cloud from his title created by the improvement district by reason of the facts alleged.

The refining company was made a party defendant as a party interested in plaintiff's ditch, and refusing to join as plaintiff in the suit. No cause of action was set up against it and no relief asked, and the court having dismissed said party from the case, and no assignment made thereto, no further mention will be made as to the refining company.

Plaintiff's petition is lengthy, and for the sake of brevity we will state only so much thereof as we deem necessary to make intelligible the issues tendered in the petition, the facts found by the trial court and the conclusions of law of the trial court reached therefrom.

The petition alleges that the improvement district has and exercises under the laws of Texas and of the United States such rights and authority in the diversion and distribution of water in the valley of the Rio Grande in El Paso county, Tex., as is conferred under the reclamation laws of the United States, and that under such authority the improvement district excavates ditches for purposes of irrigation of lands and drainage, and assesses and collects charges for the use of said reclamation service, and for the expenses of construction and maintenance of said irrigation system; that the improvement district has set up claim of the right to collect charges from plaintiff for the use of water for irrigation purposes from said river on plaintiff's lands in said valley describing said lands; that said improvement district has heretofore set up and claimed a charge and lien on plaintiff's said land for al-

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted May 28, 1924.

leged past accrued charges for water used on said land, and for other expenses of said reclamation service, and asserted the right to deny plaintiff the use of water to irrigate his said land, and filed suit against plaintiff to enjoin him from the use of water from said river on his said lands for irrigation purposes, unless and until plaintiff should execute a contract with said improvement district in usual form of those executed by other owners of land in said valley, agreeing thereby to pay for such use of the water, and the past similar use of the water; that while said suit was dismissed same was done of record without prejudice to such asserted rights against plaintiff; that his lands are riparian to said river, and existed long prior to the alleged appropriation of the waters of the improvement district; that his lands are situated in the arid portion of the state where irrigation is necessary to the proper cultivation and growth of agricultural products; that, as a means of taking the water from the river for irrigation purposes, he constructed a ditch above his premises from the river in 1907, and has ever since continuously used and maintained same, and that where the ditch runs across other lands he has acquired an easement and right over same; that he has been thus taking water from the river for irrigation for the years 1921 and 1922, and prior thereto, and intends to continue doing so; that he has not signed or executed any contract with the improvement district to pay for the use of the water, or for charges, assessments, or taxes for the maintenance of the system of storing waters for irrigation under which the improvement district claims, and he denies its authority as a municipal corporation organized for said purpose to require him to pay any of said charges for the privilege of using water from the river, as his right to use same has been and is by virtue of his riparian rights; that the improvement district's right to store, control, and distribute water and charge therefor, and to make rules and regulations governing same have no application to plaintiff's riparian rights; that improvement district's rights arise out of the appropriation of the unappropriated waters existing in 1906, when the United States, by permission of this state, filed on and appropriated the unappropriated waters in the valley of the Rio Grande, acting under the Act of Congress of June 17, 1902 (U. S. Comp. St. §§ 4700–4708), known as the Reclamation Act and the Acts of the Texas Legislature, 29th Regular Session, of 1905, c. 101; that the said act of Congress provided that same should not be construed to affect or interfere with the laws of any state or territory relating to the control, appropriation, use, or distribution of water used in irrigation, or any vested right acquired thereunder in any interstate stream, and that said act of the Texas Legislature in authorizing the appropriation of waters in

this state under the Reclamation Act did so subject to all the provisions of the Reclamation Act; that the act of the Texas Legislature of March 19, 1917 (Vernon's Ann. Civ. St. Supp. 1918, arts. 5107—1 et seq.) under which the improvement district organized was in conformity with the Reclamation Act and not to take over or assume control of irrigation otherwise than in conformity with the Reclamation Act, which does not under either include riparian lands, and for that reason plaintiff is not bound by said laws or contracts; that the above Texas statute of 1917 makes no provision for the exercise of the power of eminent domain, nor for the payment of such rights, and to require plaintiff to conform to the rules and regulations of the improvement district would in effect require him to pay value for water used, and deprive him of his riparian rights, in violation of the Fourteenth Amendment to the Constitution of the United States, and of section 17 of article 1 of the Constitution of Texas. Plaintiff alleges that the said claim of the improvement district of said charges and lien, and its threats to attempt to enforce the same constitutes a cloud on the plaintiff's title to his said land; that the improvement district threatens to shut off the water flow from the river through plaintiff's land and obstruct said ditch and render it impossible for plaintiff to get water through said ditch.

The improvement district answered by general denial, and specially answering alleged that it had a contract with the United States of America and with the Department of the Interior thereof for the construction and acquisition of certain storage, distribution, and drainage works, and for the distribution of certain flood waters of the Rio Grande, filed upon and appropriated by the United States of America, in or about 1906, and for the distribution of certain drainage waters produced in and by certain drainage canals constructed for it and on its behalf and at its expense.

The defendant denied that it has obstructed or interfered with plaintiff in the use of any water of the Rio Grande in which he has any riparian right, if in fact he has any such right, which is denied.

Defendant alleged that long prior to the construction of plaintiff's irrigation ditch, divers parties in New Mexico and Colorado had diverted all of the normal, regular flow of the Rio Grande, for purposes of irrigation, in those states, and that prior to that time the Rio Grande, at and below the City of El Paso, Tex., had become a torrential stream, without any normal, regular, or accustomed flow; that by reason of such diversions as above irrigation of lands in the Rio Grande Valley in El Paso county, Tex., had become uncertain and precarious, and the owners of land were compelled to pump water for the irrigation of their lands, or let them go unirrigated, except at the time of certain irregular summer floods; that to remedy and cor-

rect such condition the United States, at the instance and request of owners of lands in El Paso county, Tex., and elsewhere, filed an appropriation, as authorized by law, upon the unappropriated waters of the Rio Grande, and commenced and prosecuted to completion the reservoir at Elephant Butte in New Mexico, and entered into contract, as authorized by law, with the owners of lands in El Paso county, Tex., and elsewhere, for use of said waters so stored and in said reservoir, which would otherwise rush to the gulf in flood seasons, without benefit; that by reason of the above facts plaintiff lost any riparian right he may have had to the waters of the Rio Grande; that the waters thus impounded are flood waters and not the normal or regular flow of the Rio Grande, except at rare intervals; there would be no water flowing in the Rio Grande at plaintiff's ditch, except for the release by the United States of the stored flood waters, or certain drainage waters from drainage ditches constructed by the United States government to conserve the flood waters for purposes stated, and upon which it has filed its appropriation as authorized by law.

Appellee further alleged that as a Texas municipal corporation it claims the power and authority to levy certain taxes to pay for the acquisition and operation of certain public works, for the benefit of all the lands embraced in said district; that by the laws of this state any person owning lands within the district is authorized to take necessary steps to have his lands removed, exempted, and excepted from the district, and that appellant has never taken any such steps, but seeks to avail himself of the benefits of the water improvement district without incurring the liability for his proportionate part of it.

Appellant filed a supplemental petition asserting his right as a riparian owner of the lands described to the unobstructed flow of the waters mentioned in appellee's answer, whether the said waters were flood or storm waters, and whether same were periodical or the normal flow in non storm or rain seasons; that, if appellee by reason of its reservoirs has gathered waters in excess of the normal and ordinary flow in said river, appellee has so mixed and confused its waters with the flow of the waters in the river and the underground flow by turning same into the natural and open bed and channel of the river, and permitted it to enter the ditch used by appellant, and there is no way to approximate the water that belongs to each, appellant and appellee.

Appellant denies that his lands were ever placed in appellee's improvement district for irrigation purposes in that appellee was limited under the law to include lands to which there was not attached riparian rights to the use of the water for irrigation purposes, and had no authority to include lands excluded from the use of such waters under the United States Reclamation Act, and the Acts of the Texas Legislature of 1905, c. 101, of the regular session, or the act of the Texas Legislature of March 19, 1917; that none of said acts have application to riparian lands, and if said acts have application to riparian lands they are violative of the Constitutions, both federal and this state.

The case was tried without a jury, and the court's judgment is as follows:

"Doth find that the lands described in plaintiff's petition are part and parcel of the El Paso county water improvement district No. 1, and are lawfully entitled to the benefits arising therefrom, and are lawfully subject to such taxes as may be, from time to time, lawfully levied and assessed by said district, and that the prayer of plaintiff for removal of cloud from his title to such lands should be denied; and it is so ordered. And it further appearing to the court that the defendant, El Paso county water improvement district No. 1, is not interfering nor threatening to interfere with the use by plaintiff of the irrigation ditch described in his petition, nor of his right to flow and use water therein, his prayer for injunction is hereby dismissed without prejudice to the right of plaintiff to institute proceedings at any time hereafter, should his use of said ditch or any water therein or thereby, to which he may claim to be entitled, be interfered with by defendant."

We do not understand appellant's contentions as controverting any of the several findings of fact of the trial court, but he does controvert the several conclusions and matters of law, and assigns error to the judgment entered.

The court found, substantially, as follows:

(1) Appellant owns the lands described in his petition, and one of its boundaries is the Rio Grande.

(2) Appellee for a long time has irrigated a large portion of his lands from said river, but for some time prior to the construction of the Elephant Butte dam the water (in the river) was insufficient to completely and efficiently irrigate said land; however, some crops were grown thereon by appellant each year. After the construction of said Elephant Butte dam the supply of water (in the river) was, in all respects adequate to irrigate said land. The water is taken out (of the river by a ditch) for the irrigation of appellant's land, said ditch running through appellant's land, and used not only to convey the water for the irrigation of appellant's land, but for other lands below it. Appellee uses the channel of the Rio Grande above and by appellant's land to flow water to and by appellant for irrigation.

(3) From the evidence it is impossible to determine, with accuracy, the amount of water that would be available, in the channel of the river, for the irrigation of appellant's land, if the Elephant Butte dam did not exist.

(4) El Paso county water improvement district No. 1 comprises about 85,000 acres of

land, of which 81,000 are riparian surveys. The improvement district is a municipal corporation organized under the laws of the state of Texas in 1917, and embraced in its boundaries are the lands originally embraced in El Paso county water improvement district No. 2, including appellant's land. All parties in district No. 1 as consolidated, except (appellant) Parker agreed to such organization. Subsequent to the adoption of section 59, art. 16, of the (Texas) Constitution, and subsequent to the adoption of chapter 25 of the 35th (Texas) Legislature, 4th Called Session (Vernon's Ann. Civ. St. Supp. 1922, arts. 5107—267 to 5107—276) appellee became a conservation and reclamation district under the terms of said statute and constitutional amendment. In its organization the requirements of the statute relative to the organization of such municipal corporations was in all respects complied with.

(5) Appellee improvement district No. 1 has entered into a contract with the United States of America for the construction of certain irrigation and drainage works in and for the use of said district. The organization of such district, and the validity of said contract with the United States, has been confirmed and approved by a judgment, duly entered, in the Sixty-Fifth judicial district court of Texas.

(6) Prior to the construction of Elephant Butte dam, the supply of water in the river was inadequate to irrigate the lands in improvement district No. 1, if generally distributed among them. Since the construction thereof, the conserved water supply is adequate for the irrigation of all of the lands embraced within said district.

(7) Appellant did not protest the organization of the appellee district, nor seek to have his lands (exempt or) removed therefrom, other than by the institution of this suit.

(8) Appellee improvement district is not interfering with, nor at present seeking to restrain, the use of water by appellant from the ditch described in his petition; but appellee has asserted, and does assert, the right to levy taxes upon the lands included therein, for the support of such reclamation district.

(9) In April, 1922, appellee filed a suit wherein it denied appellant's right to use water for irrigation on said land until, and unless, he should sign an agreement required by it, which would charge appellant's land with a proportionate part of the expenses of building the dam and constructing the irrigation system, and sought to enjoin appellant's use of the water until he did so do. Later it dismissed its suit, but without prejudice. The sole right now claimed by appellee irrigation district is the right to levy taxes upon appellant's land for the support of said reclamation project.

(10) The operation of appellee's irrigation system renders drainage by the digging of drainage ditches throughout the valley of the Rio Grande, including the appellant's premises, necessary to irrigation farming under said project. Prior to the construction of such dam such drainage ditches were unnecessary.

(11) All of the lands included in said improvement district are in the arid portion of Texas, and cannot be successfully farmed save by irrigation.

(12) Under what is known as the Reclamation Act of Congress of 1902 and the Texas statute of 1905, authorizing the United States to appropriate all unappropriated waters in (the Rio Grande valley) Texas, the United States in fact made filing on such unappropriated waters of the Rio Grande in Texas.

The trial court concluded as follows:

"(1) Section 59, art. 16, of the Texas Constitution, authorizes the statute enacted by the Legislature relative to the organization of improvement districts. This amendment to our Constitution is not repugnant to the Constitution of the United States.

"(2) Plaintiff's lands are lawfully included within the improvement district, and are entitled, in common with all other riparian lands included therein, to the benefits thereby conferred, and are likewise subject to the duties and burdens incident to the organization and operation of the district.

"(3) The following two cases are deemed to support the foregoing conclusions: Fallbrook Irrigation District v. Bradley, 164 U. S. 112, 17 Sup. Ct. 56, 41 L. Ed. 369; Texas & Pacific Ry. Co. v. Ward County District No. 1 (Tex. Civ. App.) 251 S. W. 212.

"(4) The fact that plaintiff's lands, in common with most of the land in the district, are and were in all times riparian, does not affect the question. The regulation of the engagement of a public right does not amount to the confiscation thereof. Under the Constitution and laws, irrigation is a public purpose, and the benefits conferred, which are peculiar to the land in the district, greatly exceed the burdens imposed."

## Opinion.

Appellant insists that the trial court is in error in its conclusion of law, as indicated in the second paragraph, that appellant's lands are lawfully included within the improvement district, and subject to the burdens incident to its organization. The contention seems to be that appellee had no right as an improvement district to take or control the waters of the Rio Grande otherwise than under the federal Reclamation Act, as the United States had appropriated all of the unappropriated waters of the river in this state; that the appellee improvement district was organized to co-operate with the United States and not to construct on its own account irrigation or drainage works. The contention is made that under whatever law the improvement district claims to operate it cannot without the consent of the landowner control the water to which riparian

lands are entitled, nor include such lands within an improvement district.

We do not so construe the federal Reclamation Act, nor section 59, art. 16, of the Constitution of the state, nor the acts of the Texas Legislature of 1905, c. 101, authorizing the appropriation of waters in Texas by the United States; nor the acts of the Texas Legislature of 1917, c. 87. There is no express provision of any of the above acts which provides, or which, properly construed, excludes or includes riparian lands because of their riparian character from the benefits or burdens conferred or imposed upon such district.

The appellee district, organized under the authority of the constitutional provision above referred to, and the statutes above referred to enacted in pursuance of such constitutional provision, is not dependent solely for the validity of its organization, or the exercise of its powers, upon the federal Reclamation Act, nor upon the acts of the Texas Legislature of 1905, c. 101.

Federal Reclamation Act, 32 Statutes at Large, 388, § 8, expressly provides that nothing in the act shall be construed as affecting or intending to affect or in any way interfere with the laws of the state relating to the control, appropriation, use, or distribution of water used in irrigation, or any vested right acquired thereunder; but the proceeding thereunder by the Secretary of the Interior is in conformity with the state's laws, and provides that the use of the water acquired under the act became appurtenant to the land irrigated. There is nothing in the act or in the proceedings of the Secretary of the Interior that makes any distinction between lands riparian and nonriparian; but the control, appropriation, use, and distribution of the water is left to the states. The act authorizes the Secretary of the Interior to construct irrigation works for the storage, diversion, and development of waters, to let contracts for the construction of same and provide the necessary funds, make charges upon lands in private ownership irrigable by waters of the irrigation project, and provide for the repayment of such charges to the reclamation fund, and, when the major portion of such charges are returned, the management and operation of such irrigation works to pass to the owners of the lands irrigated thereby, under such form of organization and rules as may be acceptable to the Secretary of the Interior. By chapter 11 of the Reclamation Act the provisions of the act are extended for the purposes of the act to the portion of this state bordering on the Rio Grande which can be irrigated from the Elephant Butte dam from the stored flood waters of that river.

By the Acts of the Texas Legislature, 1905, c. 101, the United States was authorized to appropriate certain of the unappropriated waters of this state, subject to the provisions, limitations, charges, terms, and conditions of the Reclamation Act.

In 1917, article 16, § 59, of our state Constitution was amended authorizing the creation within the state of conservation and reclamation districts, governmental agencies, and bodies politic and corporate with powers of government and authority to exercise such rights, privileges and functions as may be conferred by law in the water, or the conservation of the natural resources of the state, including the control, storing, preservation, and distribution of its storm and flood waters, the waters of its river and streams, for irrigation and drainage.

In 1917, the Texas Legislature, by chapter 87, passed an act empowering commissioners' courts to establish water improvement districts for irrigation purposes, with certain powers and duties expressed, among them to determine the lands to be included in the district and the exclusion of lands not to be included; enter into contract with the United States or the officers thereof for the building, rental, and operation of irrigation works and for other purposes, relating to the terms of such contract and the means of carrying out the same; levy and collect taxes and other charges, etc. After creating the district and establishing its boundaries section 17 of the act provides that the owner of the fee of any land embraced in the district may, within the time prescribed, petition the directors of the district to have his lands excluded from and taken out of the district when same have been embraced in the district. The petition is set down for hearing and notice given and disposition made of the effort to exclude the lands.

Section 21 of the act gives control to the directors of the district of the affairs of the district, and provides that the board, on behalf of the district, may enter into any obligation or contract with the United States for the operation and maintenance of the necessary work for the delivery and distribution of water therefrom, or for the drainage of the district, or for the assumption of indebtedness to the United States for district lands, under the provisions of the federal Reclamation Act, etc. Section 95 of the act provides the directors may require every person desiring water during the course of the year to enter into a contract with the district, indicating the acreage, etc. It also provides for the payment of all assessments, and for a failure to pay the water may be cut off, in fact, all water, the right to the use of which is acquired by the district under contract with the United States, shall be distributed and appropriated by the district in accordance with the act of Congress and rules and regulations of the Secretary of the Interior, and the provisions of such contract in relation thereto.

In no law, constitutional or statutory, federal or state, so far as we have found, is any distinction made between lands riparian and lands nonriparian, in establishing water districts, or incorporating them in a reclamation and conservation or other character of district for purposes of irrigation, or in subjecting such lands to lawful taxation in the performance of any contract of an improvement district contemplated by our statutes or the Reclamation Act. If, as seems to be claimed by appellant, lands could not be embraced in any character of water improvement district because alone of the riparian character of the lands, our laws, both federal and state, in an effort to establish and maintain irrigation works and drainage systems for irrigation, in the arid portions of the states, would as claimed by appellee, be an absurdity.

We have concluded that lands having riparian rights may be lawfully embraced within the boundaries of the reclamation and conservation or improvement district, and when so embraced are subject to such taxation as may from time to time lawfully be levied by the district. If we are not in error in the above conclusion, it follows that, by including appellant's lands in the improvement district, and assessing same for taxes, or, as here, claiming the right to assess same for taxes with other lands in the district, would not, by reason of such inclusion in the district and assessment, or claim of right to assess same for taxes, cast a cloud upon appellant's title to such lands.

We concur in the contention of appellee that the construction and operation of works for the storage and distribution of water for the irrigation of arid lands is a public use, and all lands embraced within the legal boundaries of a district organized for that purpose may legally be subjected to taxation for the purpose of providing and operating such works and necessary drainage.

This court fully appreciates the importance of the questions now arising in this state in matters of the appropriation of waters in this state for purposes of irrigation, by reason of the extending into this state by the United States of the matters embraced within the provisions and purposes of the Reclamation Act, the amendment to our state Constitution, and the several acts of our Legislatures with reference thereto, and the appropriation of waters and the creation of water serving districts, and the above decision has been reached after due consideration, and the examination of authorities bearing upon the subject.

Appellant, in some of his propositions, presents questions not discussed in the above, but the questions presented are only collateral or incidental to those decided, and possibly some of them are not germane to the assignments; however that may be, we have considered them, and they are overruled.

The cases we have reviewed, and which seem to bear upon some of the questions discussed, in addition to the Reclamation Act, the amendment to our Constitution, and the several acts of our Legislature, include Fallbrook Irrigation District v. Bradley, 164 U. S. 112, 17 Sup. Ct. 56, 41 L. Ed. 369, and references; Texas & Pacif. Ry. Co. v. Ward County Irrigation District No. 1 (Tex. Civ. App.) 251 S. W. 212; Ogburn v. Barstow, Ward County, Tex., Drainage District (Tex. Civ. App.) 230 S. W. 1036; Wheat v. Ward County W. I. Dist. No. 2 (Tex. Civ. App.) 217 S. W. 713.

The judgment of the trial court is affirmed.

## On Rehearing.

The main opinion is this case is not to be construed as in any wise authorizing the appellee to levy any tax or make any charge against the land of appellant to pay the cost of constructing the Elephant Butte dam and reservoir project. Nor is such opinion to be construed as in any wise authorizing appellee to interfere with the riparian right of appellant to take his proper share of the water flowing in the Rio Grande river and apply the same to the irrigation of his land in the manner he has been accustomed to do. The appellee is making no claim of any right to levy such a tax or to make such charges, or to so interfere with such riparian right, and therefore no cloud in that connection is cast upon the title to appellant's land.

The motion for rehearing is overruled.