### ARNESON et al. v. SHARY et al.
### No. 8517.

Court of Civil Appeals of Texas. San Antonio.
Oct. 29, 1930.

Rehearing Denied Nov. 26, 1930.

See, also, 24 S.W.(2d) 1116.

J. F. Carl and Neal A. Brown, both of Edinburg, for appellants.

Andrews, Streetman, Logue & Mobley, of Houston, and Strickland & Ewers and J. Q. Henry, all of Mission, for appellees.

COBBS, J.

Appellants, A. O. Arneson and the others named in the petition, filed this suit against appellees, John H. Shary, United Irrigation Company, and Hidalgo county water control and improvement district No. 7, on the 15th day of March, 1929, in the Ninety-Third district court of Hidalgo county, Tex., but dismissed as to John H. Shary, and the case was tried with the two remaining appellees, without a jury.

It was alleged in appellants' first amended original petition that the United Irrigation Company was a private quasi public corporation, existing under the laws of the state of Texas, and was engaged in pumping water from the Rio Grande for irrigating land under

Its system, and that the lands of appellants were under the system of the United Irrigation Company and were riparian to its canals and laterals and were entitled to be supplied with water from said system for irrigating their said lands, under and by virtue of what is commonly known as the "Permanent Water Contract" of United Irrigation Company, which contract is referred to and made a part of their petition. That said "Permanent Water Contract" is a covenant running with the title to their respective lands and is inseparable from them; that all of appellants' lands were under the system of United Irrigation Company and entitled to all of the rights, powers, privileges, and liabilities incident thereto. That appellants complied with the provisions of said "Permanent Water Contract" and stand ready to comply with all reasonable rules and regulations of United Irrigation Company respecting the furnishing of water for the irrigation of their lands.

Appellants alleged that Hidalgo county water control and improvement district No. 7 was created by order of the commissioners' court of Hidalgo county, Tex., and that such order is final, and defines the boundaries of said district; that appellants' lands are embraced within the district, but that they were included under protest from all of appellants.

Appellants further alleged that Hidalgo county water control and improvement district No. 7 has ordered issued $2,750,000 permanent bonds, and has levied an ad valorem tax on all lands within district No. 7 to pay interest on said bonds and to provide a sinking fund to retire same at maturity. That $527,000 of said permanent bonds had already been used in the purchase from appellee United Irrigation Company the facilities of said United Irrigation Company embraced within the boundaries of district No. 7, and from which appellants' lands had previously been watered; that district No. 7 had entered into a contract with United Irrigation Company for the purchase of water with which to irrigate the lands within district No. 7 at the price of $3.50 per acre foot; and that district No. 7 had levied a "flat rate" assessment on appellants' lands, which appellants had paid under protest in order that they might secure water for irrigating their said lands.

Appellants allege that the provisions of said "Permanent Water Contract" are a burden upon their lands and that they have acquired vested rights thereunder; that under said "Permanent Water Contract" appellants could not be held to pay anything except a service charge for water actually used, and that they are entitled to have their lands served with water for irrigation on the same terms and conditions enjoyed by all other owners of land, or those in possessory right of land within the original boundaries of United Irrigation Company, and that their lands are not liable under said "Permanent Water Contract" for the purchase price of the facilities of United Irrigation Company within the boundaries of district No. 7 and that, if appellee Hidalgo county water control and improvement district No. 7 is not restrained from issuing said bonds and levying said tax, appellants will be compelled to pay for said property.

Appellants further allege that appellee United Irrigation Company will seek to evade responsibility to appellants under said "Permanent Water Contract" and will refuse to further serve their lands with water for irrigation unless compelled to do so by mandatory injunction, and that their lands are in the semiarid section of the state and require water for irrigation in order to produce crops.

Appellants further allege that they have complied with all provisions of the "Permanent Water Contract" of United Irrigation Company; that they have a vested right under such contract to receive water for irrigation and domestic purposes on their lands, without being compelled, either directly or indirectly, to pay for the physical properties of United Irrigation Company through which their lands were formerly irrigated, and as they will be compelled to do unless restrained by the court.

Appellants prayed for a mandatory injunction.

Appellees filed a lengthy answer covering all questions involved. Hidalgo county water control and improvement district No. 7 pleaded its willingness to furnish water for the purpose of irrigating appellants' lands, but up to the present time no such tender has been made, since it took over the facilities purchased from the United Irrigation Company.

Hidalgo county water control and improvement district No. 7 specially answered, saying that it was a water control and improvement district, duly organized and existing under the Constitution and laws of the state of Texas by reason of the doing of all things necessary, as specifically set forth, to the organization, ratification, and confirmation of the district in the manner provided by law. That its plans for its organization were approved by the board of water engineers, and that such plans and estimates provided for purchase of the facilities of United Irrigation Company within the boundaries of district No. 7.

Said district pleaded the judgment of the district court of Travis county, Fifty-Third judicial district, in cause No. 46534, styled Hidalgo County Water Control and Improve-

ment District No. 7 v. Claude Pollard, Attorney General, and all other interested persons, entered on May 7, 1929, validating the creation of district No. 7 and validating $2,-750,000 permanent bonds of district No. 7, and the levy of taxes in payment of interest thereon and to provide the necessary sinking fund. It also pleaded that the Forty-First Legislature of the state of Texas (1929) enacted a law validating the creation of district No. 7 (chapter 94).

Appellee district No. 7 further pleaded the purchase from United Irrigation Company of the physical properties owned by it, within the boundaries of the district on the 29th day of May, 1929, for the sum of $527,000, and that it is now reconditioning said facilities and lining the canals with concrete, in order to prevent seepage, waste, and damage; that district No. 7 is now serving the lands of appellants through the facilities purchased by it from United Irrigation Company, and that at no time have appellants been denied water to irrigate their lands.

The district further pleaded that appellants' land within the district comprise less than 500 acres, and that the total acreage within the district to be served by its canals and laterals, acquired from United Irrigation Company, was approximately 33,800 acres; that the granting of the injunction prayed for by appellants would cause serious deteriment, loss, and injury to the owners of the remainder of the 33,800 acres of land in the district; and that, if the injunctive relief is denied, appellants will suffer no serious injury, but will ultimately receive substantial benefit as a result of the organization and functioning of the district, in an orderly manner.

The answer is very long and comprehensive, and we forego copying it.

The trial court heard the case fully and rendered judgment in favor of appellees, and made and filed with its judgment full findings of fact and conclusions of law, which are fully supported by the evidence.

We think the trial court properly denied the writ of injunction.

The court found as a matter of law that Hidalgo county water improvement district No. 7 was duly and legally formed and was an organized, defined, created, and established water control and improvement district and charged with all the duties, liabilities, obligations, and limitations imposed on such districts. The court also found that $2,750,-000 in permanent bonds of district No. 7 were legally authorized by a majority of the qualified property tax-paying voters of the district at an election held for that purpose, and that the bonds are just, valid, legal, and binding debts and obligations of district No. 7, and that the taxes levied by the district on all taxable property within the district, including the lands of appellants, are valid and lawful taxes, and that the district had lawful authority to issue said bonds, and levy said taxes. The court also found as a matter of law that the maintenance tax of $2 per acre on all lands within the boundaries of the district capable of being irrigated from the canals and facilities of the district, including the lands of appellants, was a valid and legal assessment and made in the manner provided by law.

E. P. Congdon, engineer of district No. 7, testified as follows: "We have charged the lands that are being served with water which are watered from the canals of District Number Seven, a maintenance charge of $2.00 per acre per annum." Section 59 of article 16 of the Constitution of Texas; sections 1 to 7, inclusive, and section 9 of article 7880 of the Revised Civil Statutes of Texas; section 109 of article 7880 of Revised Civil Statutes of Texas; section 19 of article 7880, Revised Civil Statutes of Texas; Parker v. El Paso County Water Improvement District Number One (Tex. Civ. App.) 260 S. W. 667; Id. (Tex. Sup.) 297 S. W. 737; Texas & Pacific Railway Co. v. Ward County Irrigation Dist. No. 1, 112 Tex. 593, 251 S. W. 212; Hester v. Donna Irrigation Dist. (Tex. Civ. App.) 239 S. W. 992; Phillips v. Cameron County Water Improvement Dist. No. 2 (Tex. Civ. App.) 5 S.W.(2d) 557; Fallbrook Irrigation Dist. v. Bradley, 164 U. S. 112, 17 S. Ct. 56, 41 L. Ed. 369; Western Union Teleg. Co. v. Wichita County Water Imp. Dist. No. 1 (Tex. Com. App.) 30 S.W.(2d) 301.

No question is raised by appellants that through the creation of said district the law has not been complied with, but predicate their case on the proposition that, as owners of the land, they have a vested right under the "Permanent Water Contract" of the United Irrigation Company and are about to be illegally divested of this right.

Being the owners of the land did not prevent the organization of the district which took their lands in. Section 4 of article 7880, Rev. Civ. Stats.

As said by Justice Randolph, for the court, in Western Union Telegraph Company v. Wichita County Water Improvement Dist. No. 1 (Tex. Civ. App.) 19 S. W. (2d) 186, 188: "The contest of the validity of the taxes and the collection thereof by the plaintiff in error cannot be sustained, unless the tax as levied is void."

Originally appellants had the right to have their lands excluded from the boundaries of Hidalgo county water control and improvement district No. 7, but, failing to do so at the proper time, they lost their right under the law. Section 42, art. 7880, Rev. Stats. Section 76, art. 7880, Rev. Stats.; Texas & Pacific Ry. Co. v. Ward County Irrigation Dist. No. 1, 112 Tex. 593, 251 S. W. 212.

910

■■ Appellants, having lost their legal and statutory right to have their lands excluded, cannot seek equitable relief by way of injunction. The parties having had a legal remedy and failed to use it, it is elementary and fundamental that no equitable relief will be granted.

8 Cyc. 863 says: "The police power of the State is the name given to that inherent sovereignty which it is the right and duty of the government of Texas or its agents to exercise whenever public policy in a broad sense demands for the benefit of society at large, regulations to guard its morals, safety, health, order, or to insure it in any respect such economic conditions as an advancing civilization of a highly complex character requires."

■■ This is a power of which the Legislature cannot by any contract divest itself, even if it should undertake to do so, and much less could a contract, between individuals and a private corporation, destroy. The matter of irrigation of the arid and semiarid lands of the state of Texas is a question of vital economic importance to the welfare of the state, and its irrigation is a public benefit and a public utility that inures to the advantages of the state and is therefore necessarily under the control and regulation of the state government through its Legislature and its duly constituted agencies of government.

If this right be regarded, as stated, a police power, no statute or decision of our courts has aptly defined it; it is so far-reaching that it cannot be stopped or measured except by the restriction of its powers by express legislation or stipulation. We believe it is within the terms of police power, and expressly controlled by the state and its constituted agencies of government.

The trial court found as follows: "I find as a fact that the lands of all the plaintiffs have been served with water for irrigation since June 1, 1929, by Hidalgo County Water Control & Improvement District Number seven, through the same identical canals and facilities from which they were served prior to June 1st, 1929, and under substantially the same conditions and at the same rates for watering charges, save and except the 'Flat Rate' or maintenance charge, per acre per annum, since June 1st, 1929, has been $2.00 per acre, and prior to that date, under the 'Permanent Water Contract' of United Irrigation Company, as modified by the order of the Board of Water Engineers of the State of Texas under date of the 18th day of February, 1919, the 'Flat Rate' was $4.00 per acre per annum. I find as a fact that at no time since the creation and organization of District Number Seven have plaintiffs, or either of them, been denied water from the facilities formerly owned by United Irrigation Company and sold to Hidalgo County Water Control and Improvement District Number Seven for irrigating their lands."

■ As appellants' lands have been and are furnished water, no mandatory injunction should lie to compel the same. The law requires all lands within the district to be served with water under the same rules and regulations and for the same charges.

The proposed Hidalgo county water control and improvement district No. 7, would be reasonable and practical and be a benefit to the lands to be included therein, and be a public benefit and utility.

In consideration that the issues tendered are identical with the issues presented and adjudicated in the Ninety-Third judicial district court, the action of the trial court should be approved. The proceedings were conducted pursuant to chapter 25 of the General Laws of Texas enacted at the Regular Session of the 39th Legislature in 1925 (Vernon's Ann. Civ. St. art. 7880—1 et seq.) These provisions have been amended since that time.

■ From the foregoing statutes, we are sure that all of the questions raised in this suit touching the validity of the district, the validity of the permanent bonds of the district, and the legality of the taxes levied in payment thereof, have already been decided adversely to appellants in the case of the district v. Attorney General and all other interested parties, in the Fifty-Third district court of Travis county, Tex., and that such judgment is final and conclusive on these points and cannot now, or at any other time, be raised, except by the state of Texas, and then only upon allegations of fraud, discovered after the rendition of such validating judgment; and no such allegations or proof appearing in this record and the state not being a party to this proceeding, as the law requires, the judgment of the trial court can be sustained on this proposition alone.

■ The basic position of appellants is that they have a vested right, which cannot be destroyed. But appellee takes issue and says no vested right of appellants has been sought to be destroyed. The creation of a water control and improvement district and the taking into its defined boundaries certain lands that have a source of water supply, other than the district, does not destroy any vested rights. The mere creation and functioning of a water control and improvement district cannot operate to destroy vested rights in a contract between individuals and a corporation, because, whatever rights either party to the contract had, they still have and may enforce same by appropriate remedy.

If it breaches its contract the United Irrigation Company may be made to respond in damages. But that is not what appellants seem to want. They wish to be furnished wa-

ter by the district and be free from taxation under the district.

We have carefully considered this cause, the briefs, and assignments of error, and, finding no error committed that should cause a reversal, the judgment is affirmed.