PEYTON CREEK IRR. DIST. v. WHITE et al. (No. 7988.)

(Court of Civil Appeals of Texas. Galveston. May 5, 1921. Rehearing Denied May 26, 1921.)

1. Waters and water courses ⬤➙228½, New, vol. 10A Key-No. Series—In contractor's action against an irrigation district, complaint held sufficient as against general demurrer.

In a contractor's action against an irrigation district to recover for the price of work done, a petition, charging the organization, existence, and functioning of the defendant district under the statute, the making and delivery of written contract through its board of directors under attestation by its secretary, and the attachment of its corporate seal, the construction and completion of the work, and its acceptance held sufficient, as against a general demurrer objecting that the petition did not specifically allege performance of the detailed procedure described by Vernon's Ann. Civ. St. Supp. 1918, arts. 5107—21, 5107—85 to 5107—87, 5107—89, 5107—92.

2. Pleading ⬤➙32—Waters and water courses ⬤➙228½, New, vol. 10A Key-No. Series—Contractor suing irrigation district need not set out the construction contract verbatim, nor aver compliance with law regulating such contracts.

In contractor's action against an irrigation district for balance due on construction work, an objection that the written contract declared upon by plaintiff was not set out verbatim in his pleadings, and that it was not averred that the law regulating such contracts had been complied with, is without merit; such particularity not being required.

3. Waters and water courses ⬤➙228½, New, vol. 10A Key-No. Series—In contractor's action against an irrigation district petition held not objectionable as to authority of party accepting the work.

In a contractor's action against an irrigation district for the balance due on construction work, an objection to plaintiff's pleadings that the contract showed the authority of its agent was limited to estimating the work and labor performed and the materials furnished, and did not confer on him the right to accept the work which was a nondelegable duty imposed by statute upon the directors, is not well taken, where the pleading asserts that the work was accepted by the district's board of directors.

4. Waters and water courses ⬤➙228½, New, vol. 10A Key-No. Series—Irrigation district is a quasi public corporation not entitled to damages for loss of crops by contractor's failure to complete system.

In a contractor's action against an irrigation district for balance due on contract, a counterclaim by the district for damages from plaintiff's failure to complete the system whereby the district lost by being unable to irrigate is not allowable, since under Vernon's Ann. Civ. St. Supp. 1918, arts. 5107—69 to 5107—71, the irrigation district is a quasi public corporation, supported by direct taxation, and limited to raising funds for current expenses in connection with its plant for furnishing water to others.

5. Appeal and error ⬤➙1039(6)—Rulings on cross-bill based on claim that plaintiff did not perform his contract, if erroneous, were cured by a verdict that he did perform contract.

In a contractor's action against an irrigation district for the balance due for construction work, questions as to the defendant district's cross-bill held wholly immaterial in view of the jury's finding on sufficient evidence that plaintiff did perform his contract, where such counterclaims rested alone upon

the claim that he did not, so that the verdict cured any error in ruling adversely to the cross-bill.

**6. Appeal and error ⊜⇒544(1)—Assignments not considered in absence of bill of exceptions.**

Where no bill of exceptions covering assignments of error in admitting evidence appears, the assignments cannot be considered.

**7. Waters and water courses ⊜⇒228½, New, vol. 10A Key-No. Series—In contractor's action for balance due on construction of dam, his testimony that he completed the work in substantial accord with plans and specifications held admissible.**

In a contractor's action against an irrigation district for balance due on construction work, the contractor's testimony that he completed the dam in substantial accord with the plans and specifications, and had given his personal attention to the work, held admissible.

**8. Evidence ⊜⇒370(4)—In contractor's action against irrigation district, report of district's consulting engineer admissible without showing employment pursuant to statute.**

In a contractor's action against an irrigation district for balance due for construction work, it was not error to admit the report of a person as defendant's consulting engineer without first showing that he had been regularly employed by the district, as such, pursuant to statute, where the report showed upon its face that he was acting as consulting engineer on the joint request of the irrigation board and the contractor.

**9. Waters and water courses ⊜⇒228½, New, vol. 10A Key-No. Series—Construction contract by irrigation district is sufficient, where signed by four members.**

In a contractor's action against an irrigation district for the balance due for construction work, a contention that the contract sued upon should not have been admitted in evidence because not signed by all five of the district's directors is untenable, because Vernon's Ann. Civ. St. Supp. 1918, art. 5107—13, requires concurrence of but four members of the board of directors.

**10. Waters and water courses ⊜⇒228½, New, vol. 10A Key-No. Series—In a contractor's action against an irrigation district, rejection of defendant's testimony that it accepted plaintiff's plans because of confidence in his engineering ability held not error.**

In a contractor's action against an irrigation district for balance due for construction work, the rejection of defendant's testimony that it accepted plaintiff's plans and specifications, which were part of the contract sued on, because of its confidence in his engineering ability, and that the dam as constructed was useless and worthless, was not error, there being no allegation by the defendant that it had been induced to enter the contract by the fraud of plaintiff, nor that he represented that the dam as he would build it would be of any use or value to defendant; the material issue being merely whether the work was done as contracted.

**11. Trial ⊜⇒143—Question for jury where evidence conflicting.**

The overruling of motions for instructed verdicts is not error, where the evidence was conflicting on fact questions.

**12. Waters and water courses ⊜⇒228½, New, vol. 10A Key-No. Series—Instruction as to plaintiff contractor's substantial compliance, rather than exact and strict performance, is sufficient.**

In a contractor's action against an irrigation district for a balance due for construction work, it was proper to submit the issue as one of substantial rather than of exact and strict performance of the contract by plaintiff, and it was not error to so charge.

**13. Waters and water courses ⊜⇒228½, New, vol. 10A Key-No. Series—Upon decree for contractor, it was proper to decree that the irrigation district pay the judgment out of construction funds.**

Under Vernon's Ann. Civ. St. Supp. 1918, arts. 5107—67, 5107—68, 5107—71, it is the duty of an irrigation district to provide a fund for the construction of improvements; and, in a contractor's action for balance due for construction of a dam, the court was not without authority to decree that the defendant pay plaintiff's judgment out of the funds provided and secured for the construction of such improvements; such being necessary to enforce the judgment.

**14. Waters and water courses ⊜⇒228½, New, vol. 10A Key-No. Series—In contractor's action against irrigation district for construction of dam, evidence held to support verdict for plaintiff.**

In a contractor's action against an irrigation district to recover for construction of a dam, held that the jury's verdict for plaintiff was sustained by sufficient evidence.

Appeal from District Court, Matagorda County; M. S. Munson, Judge.

Suit by John W. White against the Peyton Creek Irrigation District, which answered, with a cross-action against Sutherland and another, sureties on plaintiff's contractor's bond. Decree for the plaintiff and that defendant take nothing by its cross-action, and the defendant appeals. Affirmed.

Gaines & Corbett, of Bay City, for appellant.

Conger & Davant, of Bay City, for appellees.

GRAVES, J. White sued the Peyton Creek Irrigation District of Matagorda county, Tex., a body corporate existing under and by virtue of title 73, chapter 2, of our Revised Statutes, to recover the sums of $1,824.50 and $1,040.80, respectively, for certain work alleged to have been done by him for it on Lake Austin Dam in Matagorda county, claiming the first amount as the balance unpaid under a written contract between them calling for a total of $6,900, and the second

for extras pursuant to a verbal agreement. He averred completion of the work, its acceptance by the district, and compliance on his part with the terms of both contracts.

The district answered with demurrers and denials, general and special, by means of which, in different ways, it was asserted that, not only had plaintiff failed to complete the work in a workmanlike manner and within a reasonable time, as he had obligated himself to do, but that he had never completed it at all, and the district had never accepted it. The defendant further answered with a cross-action against the plaintiff and Sutherland and Le Tulle, the sureties on his contractor's bond, by which it sought to get back $5,075.50 it had paid White on the written contract for the work, and also to recover various items of damage it claimed to have sustained by reason of his negligent and willful failure to reconstruct the dam as contracted.

The court sustained exceptions to the plaintiff's claim for the $1,040.80 for additional work under the verbal agreement, and to all of the defendant's cross-action except so much as sought a recovery of the $5,075.50 paid on the written contract.

The cause was then submitted to a jury upon these two special issues:

"Question No. 1: Did the plaintiff, John W. White, construct the dam described in plaintiff's petition substantially in accordance with the plans and specifications attached to and made a part of said contract offered in evidence?

"Question No. 2: Did the plaintiff, John W. White, construct the dam described in plaintiff's petition and fully complete the same within a reasonable time from March 27, 1916, the date of said contract?

"In considering your answer to question No. 2, you will take into consideration all of the evidence introduced in the case, and all the circumstances and conditions incident to the construction of the dam as detailed by the evidence."

Affirmative answers to both questions were returned, whereupon judgment that the irrigation district take nothing on its cross-action against White or his bondsmen, and that he recover against it the $1,824.50 sued for, with interest, followed. From that decree below this appeal on the part of the defendant there proceeds.

[1] Appellant's first contention is that the court erred in overruling its general demurrer to the petition of appellee White. The ground for this position is that the petition did not specifically allege performance of the detailed procedure prescribed by sections 21, 85 to 87, inclusive, 89 and 92 of Vernon's Ann. Civ. Supp. 1918 Statutes, article 5107, for the procurement of a contract of the character declared upon.

We do not think the objection well taken, but consider the petition good as against such a demurrer. In general terms it charged the organization, existence, and functioning of the appellant under the statute; the making and delivery of the written contract for the work by it through its then board of directors under attestation by its secretary, and attachment of its corporate seal; the construction and completion of the work under the direction and supervision of the directors by the appellee in a workmanlike manner, according to the plans and specifications attached to such written instrument, and final acceptance of the completed job by the district acting by and through these directors after the appellee had also made some minor changes required by the organization's consulting engineer; part payment to the extent of $5,075.50 on the contract price of $6,900, and refusal after due demand to pay the balance of $1,824.50 was also set up. A count was added, declaring upon the above-mentioned and subsequent verbal agreement to pay $1,040.80 more for extras occasioned by the development of a leak in the dam after the alleged completion of the work called for in the written contract. This was cut out under special exception, and, as no complaint against the action is presented here by the appellee, it becomes immaterial.

The written contract as so declared upon was prima facie a valid and binding obligation against appellant, to say nothing of the effect of its alleged action thereunder. If any facts rendering it otherwise existed, they were matter of defense that should have been pleaded and proved. The assignment is overruled.

[2] It is next said the court should have sustained defendant's special exceptions Nos. 1 and 2, pointing out that the written contract declared upon by plaintiff was not set out verbatim in his pleadings, nor was it averred that the law regulating such a contract had been complied with. There is no merit in this suggestion; we do not understand that such particularity was required.

[3] A further objection, under defendant's special exception No. 3, was that the contract showed the authority of E. B. Wells to be limited to estimating the work and labor performed and the materials furnished, and did not confer on him the right to accept the work, which was a nondelegable duty imposed by the statute upon the directors.

We do not understand paragraph 3 of the pleading, to which this exception was directed, to charge that E. B. Wells alone for the district accepted the work, because its concluding recitation is, "and that the said irrigation district acting by and through its directors, accepted the said work"; but if that be its import, and if it could further be said to have been error to overrule the exception, it became a wholly immaterial one, in view of the other parts of the pleading, which did clearly charge acceptance of the work by the district and its board of directors.

[4] Assignments Nos. 7 to 18, inclusive, complain of the court's action in sustaining a number of special exceptions interposed by one or another of the opposing litigants to the defendant's cross-action, hereinbefore referred to. As stated, it sought by way of counterclaim to recover in behalf of the irrigation district certain damages alleged to have resulted to it from the willful and negligent failure of White to complete the work according to the contract between them, such as the loss of $3,000, occurring by reason of its consequent inability to impound and store sufficient water for the raising of a full crop of rice along its canals and laterals, its being compelled to purchase water for the irrigation of 390 acres of such contiguous lands at a cost of $780, curtailment of $5,000 in its revenues because of its being left unable to undertake the watering of more than 500 acres of land when 1,000 acres were available to it with sufficient water, and a large number of other and similar items, aggregating altogether a considerable sum of money.

Under the statute involved, article 5107, vol. 2, Supp. 1918, Vernon's Sayles' Revised Statutes, and particularly sections 69, 70, and 71 thereof, the irrigation district is a quasi public corporation, established for the sole purpose of irrigating in the interest of their owners the lands lying within its territorial limits, and by the express provisions of this law of its creation can only raise such funds as its needs require for current expenses, the running of its plant, etc., by direct taxation of the lands within its bounds; consequently it may not be operated for a profit to itself, and could not legally recover damages for its own benefit for the loss of any rice crops, or revenues from crops, that might have been under its irrigation system, but the right of action in so far as it involved these matters, if any existed, lay in the different owners of the lands who were so using the district's facilities for the production of rice crops upon their own property.

[5] Different ones of the special exceptions under consideration pointed out that this limitation of the powers of and the right in the appellant appeared from the face of its cross-pleading. In our opinion, so many of them at least were good; but whether they were or not, as also the further question as to whether or not there was error in sustaining the demurrers to the other items sued upon in the cross-bill, becomes wholly immaterial in view of the jury's finding on sufficient evidence that White did perform his contract; the counterclaim in its entirety fell anyway, since it rested alone upon the claim that he did not. In such circumstances the verdict cured any error, if such there was, in this ruling on the pleadings. All assignments against the court's action in refusing to submit issues so tendered are accordingly overruled.

[6, 7] Assignments 19 to 21, inclusive, complain of the admission of testimony on the part of appellee. No approved bill of exception appears to that objected to under the first of these, for which reason it cannot be considered; the matter presented under the other two is White's statement that he had completed the dam in substantial accord with the plans and specifications, and had given his personal attention to the work. We think this testimony was admissible.

[8] It is next said there was error in admitting in evidence the report of John W. Maxey, consulting engineer, without first showing that he had been regularly employed as such by the district, pursuant to the statute. The report showed upon its face that he was acting as a consulting engineer on the joint request of the irrigation board and the contractor. The assignment is overruled.

[9] The contention that the contract sued upon should not have been admitted in evidence, because not signed by all five of the district's directors, is untenable, for the reason that section 13 of article 5107 (Vernon's Sayles' 1918 Supp. vol. 2) only requires the concurrence of four members of the board of directors.

[10] Under assignments 25 and 26 the court's action in rejecting proffered testimony to the effect that the irrigation district had accepted appellee White's plans and specifications, which were part of the contract sued on, because of its confidence in his engineering ability, and that the dam as constructed was useless and worthless to it, is challenged. Under the pleadings, there being neither allegation by appellant that it had been induced to enter into the contract by fraud of the appellee, nor that he had represented that the dam as he would build it would be of any use or value to it, the material issue was whether the work had been done as contracted, not what motive actuated appellant in originally agreeing to the plans and specifications, nor what benefit did or did not accrue to it from the construction. If the parties made the written contract, and, as the jury found, there was on White's part substantial performance of its terms, the controversy closed.

[11] Assignments 27 to 30, inclusive, complain of the overruling of appellant's motions for instructed verdict in its favor. Being regarded as without merit, in view of our conclusions on other contentions which necessarily determine those also, they are overruled without further discussion.

[12] From a number of different angles, by means of assignments 31 to 42, inclusive, the court's charge as hereinbefore copied is criticized, and its action in receiving the jury's verdict on the fact issues so submitted to it is arraigned.

The main insistence here is that the word "substantially" should have been eliminated, and the jury asked to find whether or not White had constructed the dam "in accord-

·ance with the plans and specifications attached to and made a part of the contract offered in evidence," as well as what was a reasonable time from the date of the contract, March 27, 1916, and did he construct and fully complete the dam within a reasonable time from that date?

We think the court was correct in submitting the issue as one of substantial rather than of exact or strict performance, and that in other respects the charge as given was not only not subject to any of the objections thus made to it, but fairly submitted all the material issues raised by the pleadings and the proof. None in this group of assignments can therefore be sustained.

[13] It is not deemed necessary to discuss specifically but one remaining contention of appellant; that is:

"The court erred in that part of its decree reading as follows: 'It is further ordered by the court that the plaintiff be paid, and that the defendant, Peyton Creek Irrigation District, of Matagorda county, Tex., pay plaintiff's judgment out of the funds provided and secured for the construction of said improvements.'"

The ground of this complaint is that no such issue was in the case, that no pleading nor evidence showed that any such fund had been provided for, nor was there any law justifying such an order.

We think a sufficient answer to this suggestion is the fact that by sections 67, 68, and 71 of Vernon's Ann. Civ. St. Supp. 1918, art. 5107, it was the statutory duty of the Irrigation District to provide a fund for the construction of such improvements as this one was, and, that fact appearing, the court was not without authority to enter such decree as might be necessary to enforce its judgment. The district being a municipal corporation, no execution could issue against it, and without the provision quoted the judgment would have been ineffective.

[14] Under the developed facts of the case it is thought the jury's verdict, which we find to have been returned on sufficient evidence, settled the controversy, and that the court properly entered the judgment it did thereon.

An affirmance has been entered.

Affirmed.