D. F. STRICKLAND AND OLIVE STRICKLAND, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 23159, 40707, 40708. Promulgated May 9, 1929.

*Camden R. McAtee, Esq.*, for the petitioners.
*E. W. Shinn, Esq.*, and *E. M. Niess, Esq.*, for the respondent.

420

422

OPINION.

TRAMMELL: The petitioners contend that the compensation received by D. F. Strickland from the Hidalgo County Water Improvement District Number Two, a political subdivision of the State of Texas, for his services as attorney during the period here involved is exempt from tax. The respondent concedes that the Hidalgo County Water Improvement District Number Two is a municipal corporation and a governmental agency of the State of Texas. See Article XVI of the Constitution of Texas; Article 7731, Vernon's Revised Civil Statutes of Texas (1925); *J. C. Engleman Land Co.* v. *Donna Irrigation District No. 1* (Texas), 209 S. W. 428; *Peyton Creek Irrigation*

*District* v. *White* (Texas), 230 S. W. 1060. He, however, contends that Strickland was not an officer or employee of such municipal corporation and governmental agency, that his position with reference to the District was not materially different from that of attorney and client, and that the compensation received during the years involved is not exempt from tax.

Article 7652 of Vernon's Revised Civil Statutes of Texas (1925) provides in part as follows:

The board of directors herein provided for shall have control over and management of all the affairs of such district, shall make all contracts pertaining thereto, and shall employ all necessary employees for the proper handling and operating of such districts, and especially may employ a general manager, an assessor and collector, *attorneys*, a bookkeeper, an engineer, water master and such other assistants and such other laborers as may be required, * * *; a director may be employed as general manager, and at such compensation as may be fixed by the other four directors and when so employed he shall also perform the duties of a director, but he shall not receive the compensation in this act provided to be paid to directors. (Italics ours.)

Article 7717 provides that:

The term of office of all officers elected for such district shall be for two years, and until their successors are elected and qualified; provided, however, that all officers elected at the first election held under the provisions of this chapter shall hold office only until the next regular election to be held in said district for the election of such officers.

Article 7720 provides as follows:

All other persons employed or representing said district shall be employed by the board of directors for such time and under such terms and conditions as said board of directors shall deem best for the interest of said district; provided, however, that no contract shall ever be made with any person or employee for a longer period of time, at any one time, than one year, and the salaries of all such employees, or the compensation to be received by them, shall be fixed by the board of directors at the time of the employment.

In *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514, the court said:

An office is a public station conferred by the appointment of government. The term embraces the idea of tenure, duration, emolument and duties fixed by law. Where an office is created, the law usually fixes its incidents, including its term, its duties and its compensation. *United States* v. *Hartwell*, 6 Wall. 385; *Hall* v. *Wisconsin*, 103 U. S. 5. The term "officer" is one inseparably connected with an office; but there was no office of sewage or water supply expert or sanitary engineer, to which either of the plaintiffs was appointed. The contracts with them, although entered into by authority of law and prescribing their duties, could not operate to create an office or give to plaintiffs the status of officers. *Hall* v. *Wisconsin, supra; Auffmordt* v. *Hedden*, 137 U. S. 310. There were lacking in each instance the essential elements of a public station, permanent in character, created by law, whose incidents and duties were prescribed by law. See *United States* v. *Maurice*, 2 Brock. 96, 102, 103; *United States* v. *Germaine*, 99 U. S. 508, 511, 512; *Adams* v. *Murphy*, 165 Fed. 304.

In view of the above definition we think that Strickland clearly was not an officer of the State of Texas or a political subdivision thereof and it is not seriously contended that he was, the chief question being whether he was an employee.

Strickland's contract of employment provided that the nature of his duties as attorney for the District should be that of general counsel, and that he should do and perform any and all legal duties entrusted to him by the Board of Directors of the District. The duties performed by him under the contract as attorney were of a general and miscellaneous character, ranging from attendance at regular and special meetings of the Board of Directors of the District to the drawing of legal instruments and the handling of suits in court. When not employed on the District's business he was free to and did accept such other outside legal work as he saw fit, insofar as it did not conflict with his employment by the District. However, in the performance of his duties as attorney with the District, he was at all times under the direction and control of the Board of Directors and was not permitted to leave the community on other business or to go on vacations without the Board's approval. While ordinarily neither the Board of Directors nor the manager directed Strickland as to the amount of time he should devote to his work, they would, however, when in a hurry request him to perform certain matters within a specified time.

Strickland was not responsible merely for the result to be accomplished, but was employed generally on a time basis for such services as were necessary during the period.

In *Blair* v. *Mathews*, 29 Fed. (2d) 892, a question there involved was whether the compensation of the county attorney of Duval County, Florida, was subject to tax. There the court said:

The contract bound the tax payer for a period of two years to attend to all legal matters for the county. He was not engaged to accomplish any particular result in a way chosen by himself, but was obligated to render any legal service for the county to which at any time during the period mentioned he was assigned by the Board of County Commissioners. One whose services are so at the command of another for a definite time is an employee of the latter, though the services contracted are legal services of a lawyer, who is not forbidden to render professional services to others. *Seaboard Air Line Railway* v. *Continental Trust Co.*, 166 Fed. 597.

We think that the rule laid down by the court is the sound and correct rule and is in accordance with the principles laid down in the decision of the Supreme Court in the case of *Metcalf & Eddy* v. *Mitchell, supra;* and is applicable to the facts of this case. It is, therefore, our opinion that Strickland was an employee of the District, and as such his compensation is exempt.

*Judgment will be entered for the petitioners.*