HOUSTON JONES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18761. Promulgated June 28, 1929.

*Camden R. McAtee, Esq.*, for the petitioner.
*E. W. Shinn, Esq.*, and *E. M. Niess, Esq.*, for the respondent.

## OPINION.

TRAMMELL: The petitioner contends that the $2,500 received by him from the District in 1920 and the $10,000 received in 1921 is exempt from tax as compensation received from a political subdivision of the State of Texas for personal services.

The respondent contends that the petitioner did not receive the compensation here involved from the District, but from the Canal Company, a private corporation, and that assuming, but not admitting, that the compensation was received from the District, the petitioner was neither an officer nor employee of the State of Texas or a political subdivision thereof, but was an independent contractor.

The instrument of July 16, 1920, indicates that the "fees or commissions" of $12,500 to be paid the petitioner for his services in connection with the establishment of the District, the issuance and sale of its bonds and the sale and the transfer of the properties of the Canal Company to the District were to be paid by the Canal Company. The oral evidence also shows that the District through its board of directors agreed to and did pay Jones for his services the amount of $12,500 mentioned in the instrument of July 16, 1920. In view of this, we think the respondent's contention that Jones did not receive the compensation of $12,500 from the District must be denied.

The District is a municipal corporation and governmental agency of the State of Texas. See Article XVI of the Constitution of Texas; article 7731, Vernon's Revised Civil Statutes of Texas (1925); *J. C. Engleman Land Co.* v. *Donna Irrigation District No. 1* (Texas), 209 S. W. 428; *Peyton Creek Irrigation District* v. *White* (Texas), 230 S. W. 1060. This being true, was the petitioner an officer or employee of the District or such a governmental instrumentality as to render the compensation here involved exempt from tax, or was he an independent contractor?

We think that it is clear that Jones was not an officer of the District, and the only real question here is, Was he an employee thereof?

The period involved here is before the District, which is a political subdivision or instrumentality of the State, acquired the properties from the private corporation. During the period before us the properties were operated by a private corporation and the petitioner was in its employ. There is no contention here that the Canal Company was a state instrumentality, and the period after the District actually acquired the properties is not involved. Jones was admittedly an employee of the Canal Company during this period, but his compensation received from such source is not involved.

The only question here is if Jones during the period involved was not only an employee of the Canal Company, but also an employee of the District, which was negotiating for the properties and during the period when final arrangements were being made to close the deal. Jones' services were secured to issue and sell the bonds, and in connection with the establishment of the District and the sale and transfer of the Canal Company's properties to it. The fees or commissions paid him for such services constitute the compensation here involved.

We think that under the facts Jones was merely an independent contractor engaged in the establishment of the District and to handle the bond issue in so far as the District was concerned. Clearly, the District had no part in the management or operation of the properties until it acquired them, which was after the period involved.

The limitation by agreement between the District and the Canal Company, as to certain transactions which might be reviewed by the District after its contract to purchase the properties, we think is unimportant. The fact that the Canal Company was somewhat limited in what it could do is no indication whatever that Jones was under the control or direction of the District. The only thing the District was doing was closing up the transaction of acquiring the properties, the issuance and sale of bonds, and matters in connection therewith.

There is no evidence that in performing his undertaking Jones was under the control of any state instrumentality. The period after the state instrumentality, that is, the District, was fully organized and acquired the properties is not here involved.

The record does not show what the District's operations during the period before us consisted of other than getting out an issue of bonds. During this period the properties were owned and operated by the Canal Company. Also, during this time the petitioner was not only in the employment of the Canal Company from which he received a salary, but also was employed by and received compensation from a sugar company, and, in addition to these, was also an officer and employee of a bank. Clearly, the petitioner was not restricted with respect to other employment, nor was he restricted as to the manner or method or means used in doing what his agreement provided for. His responsibility was only for the result to be accomplished.

There is nothing in the record to show that the District ever conferred or communicated with the petitioner or that he received any instructions whatever as to how he was to proceed with his undertaking, from the time he entered into the contract until the time the contract expired when the properties were transferred to the District in January, 1921.

The facts bring this case clearly within the decision of the Supreme Court in the case of *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514, and it is our opinion that the petitioner was not an officer or employee of a state or political subdivision thereof.

In considering this question the court, in *Metcalf & Eddy* v. *Mitchell*, *supra*, said:

But here the tax is imposed on the income of one who is neither an officer nor an employee of government and whose only relation to it is that of contract, under which there is an obligation to furnish service, for practical purposes not unlike a contract to sell and deliver a commodity. The tax is imposed without discrimination upon income whether derived from services rendered to the state or services rendered to private individuals. In such a situation it cannot be said that the tax is imposed upon an agency of government in any technical sense, and the tax itself cannot be deemed to be an interference with govern-

ment, or an impairment of the efficiency of its agencies in any substantial way. *Railroad Co.* v. *Peniston; Gromer* v. *Standard Dredging Co.; Baltimore Shipbuilding Co.* v. *Baltimore; Fidelity & Deposit Co.* v. *Pennsylvania; Choctaw, O. & G. R. R. Co.* v. *Mackey, supra.*

\* \* \* \* \* \* \*

But we do decide that one who is not an officer or employee of a state, does not establish exemption from Federal income tax merely by showing that his income was received as compensation for service rendered under a contract with the state; and when we take the next step necessary to a complete disposition of the question, and inquire into the effect of the particular tax, on the functioning of the state government, we do not find that it impairs in any substantial manner the ability of plaintiffs in error to discharge their obligations to the state or the ability of a state or its subdivisions to procure the services of private individuals to aid them in their undertakings. Cf. *Central Pacific Railroad* v. *California,* 162 U. S. 91, 126. We therefore conclude that the tax \* \* \* was properly assessed.

We think the foregoing is applicable and controlling here and accordingly are of the opinion that the compensation in question is not exempt from tax.

*Judgment will be entered for the respondent.*