RICHARD F. BURGES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25908. Promulgated September 17, 1929.

*Richard F. Burges* and *W. C. Dennis, Esq.*, for the petitioner.
*J. E. Marshall, Esq.*, and *C. A. Ray, Esq.*, for the respondent.

276

OPINION.

PHILLIPS: The petitioner contends that he was an employee of the El Paso County Water Improvement District No. 1, and the Hudspeth County Conservation and Reclamation District No. 1, which were political subdivisions of the State of Texas, and that the salary received by him from these districts is exempt from taxation. The

respondent denies these contentions and treated the salaries received from those districts as taxable income.

Section 52 of article 3 of the constitution of Texas adopted November 8, 1904, authorizes, under legislative provision, " any defined district now or hereafter to be described and defined within the State of Texas " upon a vote of two-thirds majority of the resident property taxpayers voting thereon, to issue bonds or otherwise lend its credit

and levy and collect such taxes to pay the interest thereon and provide a sinking fund for the redemption thereof, as the legislature may authorize, and in such manner as it may authorize the same for the following purposes, to wit:

(a) The improvement of rivers, creeks and streams to prevent overflows, and to permit of navigation thereof or irrigation thereof or in aid of such purposes;

(b) The construction and maintenance of pools, lakes, reservoirs, dams, canals, and waterways for the purposes of irrigation, drainage or navigation, or in aid thereof.

In *Wharton County Drainage District No. 1* v. *Higbee*, 149 S. W. 381 (Court of Civil Appeals of Texas, Galveston, May 18, 1912), the court, in discussing a district organized under the authority of this section of the constitution, said:

Under the amendment of the Constitution referred to, authority is given to the Legislature to create districts different from any of the political subdivisions of the state for the purpose of drainage, and a district of this kind, when created, stands upon exactly the same footing as a county or precinct or any other such political and established subdivisions. The same powers, including the power to levy taxes, may be conferred upon, and exercised by, such created districts as could be conferred upon, or exercised by, any established political subdivision under the act. In its essential elements, insofar as they relate to the questions here presented, there is no difference between a drainage district and a road district or a school district.

Section 59, article 16 of the constitution of Texas, adopted August 21, 1917, provides:

(b) There may be created within the State of Texas, or the State may be divided into, such number of conservation and reclamation districts as may be determined to be essential to the accomplishment of the purposes of this amendment to the constitution, which districts shall be governmental agencies and bodies politic and corporate with such powers of government and with the authority to exercise such rights, privileges and functions concerning the subject matter of this amendment as may be conferred by law

Chapter II of title 128 of the Revised Civil Statutes of Texas provides for the establishment of water improvement districts. Article 7731, Vernon's Annotated Revised Civil Statutes of Texas, provides:

* * * All such districts shall be governmental agencies, and body politic and corporate, and be governed by and exercise all the rights, privileges and

powers provided by law as pertaining to districts lying within one county, and as embodied in the provisions of this chapter. (Id. p. 22, sec. 82.)

Section 1211 of the Revenue Act of 1926 provides:

Any taxes imposed by the Revenue Act of 1924 or prior revenue acts upon any individual in respect of amounts received by him as compensation for personal services as an officer or employee of any State or political subdivision thereof (except to the extent that such compensation is paid by the United States Government directly or indirectly), shall, subject to the statutory period of limitations properly applicable thereto, be abated, credited, or refunded.

The El Paso County Water Improvement District No. 1 and the Hudspeth County Conservation and Reclamation District No. 1 were regularly created, organized and operated under the constitution and chapter II, title 128 of the Revised Civil Statutes of the State of Texas. We think such districts so created and organized are political subdivisions of the State within the meaning of section 1211 of the Revenue Act of 1926. See *Parker* v. *El Paso County Water Improvement District No. 1* (Court of Civil Appeals of Texas, El Paso, 1924), 260 S. W. 667; *Texas & Pacific Ry. Co.* v. *Ward County Irrigation District No. 1*, 251 S. W. 212; *Peyton Creek Irrigation District* v. *White*, 230 S. W. 1060. They are so recognized in the Federal courts. *Houck* v. *Little River Drainage District*, 239 U. S. 254, 262, and cases cited.

Petitioner was employed by the board of directors of the respective districts here in question, pursuant to the power vested in them by statute. His term of employment as provided in the statute could not be longer than one year at a time. He received a salary of $200 per month from each district. The duties performed by him included any and all legal services which the board of directors or the manager of the district might require in connection with the operation and management of the district. They ranged from consulting with and advising the board of the drawing of contracts and other legal instruments, the collection of delinquent taxes, the bringing of suits and the conduct of litigation in court. When not employed on the districts' business he was free to use his time for his own purposes. He was at the beck and call of the board of directors or the manager for any legal work they might require. In this situation we think petitioner was an employee of the districts, and the salary received for his services is exempt. *James B. McDonough*, 16 B. T. A. 556; *D. F. Strickland et al.*, 16 B. T. A. 419; *Blair* v. *Matthews*, 29 Fed. (2d) 892.

*Decision will be entered for the petitioner.*