D. G. Wood, et ux., Petitioners, v. Commissioner of Internal Revenue, Respondent.

Docket No. 58926.   Promulgated January 25, 1934.

*Vernon B. Hill, Esq.*, for the petitioners.
*John D. Kiley, Esq.*, and *R. B. Cannon, Esq.*, for the respondent.

OPINION.

Black: For the year 1928 the petitioners, D. G. Wood and wife, reported an income of $7,834, one half by the husband and one half by the wife.

The returns of petitioners did not include as taxable income an item of $6,000 representing salary received for the year by petitioner D. G. Wood as general manager of Hidalgo County Water Control and Improvement District No. 6. The Commissioner has added this $6,000 to income and has determined deficiencies of $47.13 against each of the petitioners.

From this determination the petitioners have brought a joint appeal and allege the following errors in their petition:

(a) The Commissioner of Internal Revenue has concluded that a salary received by the manager of a water control and improvement district in the State of Texas created under the statutes and the Constitution of the State of Texas is not for services rendered for an essential governmental function.

(b) The Commissioner of Internal Revenue has concluded that a water control and improvement district, created under the statutes and Constitution of the State of Texas, is a proprietary function and that salaries received from said districts are subject to be taxed.

The facts proved in the proceeding may be briefly stated as follows:

The Hidalgo County Water Control and Improvement District No. 6 was organized under chapter 25, Acts of the 39th Legislature, regular session, and subsequently it was created by a special act of the Legislature of the State of Texas. (See ch. 68, General and Special Laws of the State of Texas, 41st Legislature, regular session.) The district, thus created, came into existence under and by virtue of the constitutional authority given the legislature in

section 59 of Article XVI of the Constitution of the State of Texas. There are two provisions under the Constitution of the State of Texas by which irrigation districts may be organized: The first provision is section 52 of Article III of the constitution. Irrigation districts organized under this provision are called "water improvement districts" and have a limit upon the bonded indebtedness which may be created of 25 percent of the assessed valuations of property within the district, and a vote of two thirds of the qualified voters within the district is required to carry a bond issue. The second provision is section 59 of Article XVI, and irrigation districts created under this provision of the constitution are known as "water control and improvement districts"; this provision of the constitution permits an unlimited bonded indebtedness against such district to be voted by a bare majority of the voters at an election called for such purpose.

The Hidalgo County Water Control and Improvement District No. 6 was created under the second provision of the constitution and during the period involved in this deficiency assessment petitioner D. G. Wood was employed as general manager of the district, an office or employment especially provided for by section 46, chapter 25, Acts of the 39th Legislature. (See article 7880–46, Vernon's Texas Statutes, 1925.) The compensation received by the petitioner as general manager of the district was the sum of $6,000 per year, and this is the amount sought to be taxed.

At a meeting of the board of directors of the district held on January 16, 1928, the following order was entered:

The matter of employing a general manager for the district was discussed and upon motion duly made, seconded and unanimously carried (Director Wood not voting), President D. G. Wood of the Board of Directors was employed as general manager for the District, for a period of one year commencing January 1st, 1928, at a salary of $6,000.00 per year, payable in monthly installments. (Director Wood did not vote on this motion.)

Under the provisions of the statutes set out above and under the order of the board of directors of Hidalgo County Water Control and Improvement District No. 6, petitioner D. G. Wood became an employee of the district.

The Hidalgo County Water Control and Improvement District No. 6 is in the arid or semiarid section of the State of Texas. Prior to the construction of an irrigation system the land within its borders was of no value except for grazing purposes. It has been found that private irrigation companies cannot operate profitably, and for this reason it is necessary to have an instrumentality of the state or a subdivision of the state to maintain and operate pumping plants, canals, and facilities to furnish water to lands within the water control and improvement districts. By reason of this need

the Constitution and statutes of the State of Texas give authority to voters within the arid or semiarid section to organize a political subdivision of the state, its primary and only function being to furnish water to the lands within its boundaries. The irrigation district is supported by two sources: The first is the voting of bonds for the purpose of constructing pumping plants and canals necessary to furnish the water. These bonds are paid by the levying of an ad valorem tax on the property within the district and an interest and sinking fund is created for the retiring of the bonds. The second source of income is a maintenance and operating charge. The amount of the maintenance and operating charge is determined annually by the board of directors by estimating the expenditures necessary to maintain and operate the district for the succeeding year; after this expense has been estimated, a charge of so much per acre is made against all of the lands within the district. The board of directors also makes a charge for water furnished to the lands by the acre foot. All the income received by the district is used in the expenses connected with the operation of the district and there is no possible way or scheme whereby a water control and improvement district shall make a profit, and it is not permitted to make a profit. (See section 110, Acts of the 39th Legislature, regular session (article 7880-110, Vernon's Texas Statutes, 1925).)

The functions and purposes of the Hidalgo County Water Control and Improvement District No. 6 are solely those alleged and set out above. The district pumps water from the Rio Grande River into a reservoir and from there it is distributed to the various lands within its boundaries. It does not own any property except the right of way over which its canals are constructed and the necessary pumping plants. All the officers and employees of the district receive a salary. There are no stockholders and no investments on the part of any individual or any enterprise in any of the property of the Hidalgo County Water Control and Improvement District No. 6. It is maintained solely by taxation and the maintenance and operation assessment as set out above.

There can be no doubt that the Hidalgo County Water Control and Improvement District No. 6 is a political subdivision of the State of Texas, and if section 1211 of the Revenue Act of 1926 were still in force the salary of petitioner D. G. Wood as an employee of the district would be exempt from taxation. Cf. *Richard F. Burges*, 17 B.T.A. 275. But the 1928 Act contains no provision such as section 1211 of the Revenue Act of 1926. If the salary of petitioner D. G. Wood is exempt from taxation, it must be on constitutional grounds resulting from the fact that the Hidalgo County Water Control and Improvement District No. 6 is an instrumentality of the State of Texas exercising essential governmental functions

and that to tax petitioner's salary would be to impair the district in its ability to exercise the essential governmental functions for which it was created.

This Board had occasion to consider the general question of the exemption from taxation of the salaries of officers and employees of irrigation districts (subdivisions of a state) in *T. P. Wittschen,* 25 B.T.A. 46. We there said:

> Whatever disagreement and differences there may be in the classification of irrigation and similar districts, the cases are in accord in stating that such districts are organized not for governmental purposes, but for the benefit of certain portions of the state and the inhabitants therein. This is apparent from the context of the organic act itself.
>
> The exemption from Federal taxation of the property, means and instrumentalities of the states is also implied from "the necessity of preserving the state in all its efficiency." That the Federal taxation of the compensation of the petitioner received from the district would in any degree affect the state's governmental efficiency or even its efficiency in developing and improving its resources to the benefit of the state and its inhabitants is so remote as to make extended discussion thereof unnecessary.
>
> \*    \*    \*    \*    \*    \*    \*
>
> As the district in the instant proceeding was not organized as a subdivision of the state primarily for governmental purposes, we hold that it is not engaged in performing essential governmental functions; that the services of petitioner as attorney for such district were not rendered in connection with the exercise of an essential governmental function; and that therefore compensation received by the petitioner from such district in payment of his services is not exempt from Federal taxation within the implied prohibition against Federal taxation of compensation of state officers or employees engaged in essential governmental functions or within the provisions of section 1211 of the Revenue Act of 1926. See *Mary W. Niles, Executrix,* 20 B.T.A. 949.

There appears to be no essential difference in the character of the irrigation district in Texas of which petitioner D. G. Wood was an employee from the one in California of which T. P. Wittschen was an officer or an employee. The *Wittschen* case has neither been reversed nor modified by the Board or the courts up to the present date.

Notwithstanding the reasoning used in the able brief filed by petitioners in the instant case, we believe the *Wittschen* case is controlling here. Therefore,

*Decision will be entered for the respondent.*