D. F. STRICKLAND, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

OLIVE B. STRICKLAND, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket Nos. 59749, 59750.   Promulgated June 21, 1935.

*C. R. McAtee, Esq.*, for the petitioners.
*C. A. Ray, Esq.*, for the respondent.

## OPINION.

MORRIS: The first question for determination upon the merits is the respondent's refusal to exempt the compensation received under contracts with the Hidalgo County Water Improvement District No. Two. Respecting this issue the petitioner pleads a former proceeding before this Board between the same parties, *D. F. Strickland and Olive B. Strickland*, 16 B. T. A. 419, involving the same question for the calendar years 1923 to 1926, inclusive, in which it was finally determined that such compensation was not subject to tax and, therefore, since said decision was not appealed the same has become final and is an effective estoppel against any further litigation upon the same subject matter. Consequently our first consideration must be directed to the plea of *res judicata*.

Since different taxable periods are involved in the instant case from those in the former proceedings we are concerned with different causes of action, *Tait* v. *Western Maryland Ry. Co.*, 289 U. S. 620, and *Charles P. Leininger*, 29 B. T. A. 874; therefore, as we said in the latter case, " the earlier judgment is conclusive only as to the precise facts, rights, questions or issues adjudicated in the earlier case that are again the facts, rights, questions or issues presented for adjudication in the second case." The issue presented in the former proceeding as to the years governed by the Revenue Act of 1926 was identical with that involved herein. The contracts under which Strickland rendered services to the district for the years involved in the prior proceeding, however, are not the same contracts now before us. Under the law the petitioner was obligated to execute a new contract each year. Although the provisions thereof may have remained substantially the same, there has been no adjudication by the Board of the taxable status of the amounts received under the contracts in force during the taxable years involved in this proceeding. The question must therefore be determined in the light of those new contracts and can not be concluded as *res judicata* on the basis of a decision involving different contracts.

While the facts in the instant case are as favorable to the petitioners' contention as those in the former proceeding and the Board is desirous of adhering to precedent, considering the question in the light of the more recent pronouncements of the Board and the courts, we are satisfied that the former opinion was erroneous. In *Richard F. Burges*, 25 B. T. A. 1191; affd., 69 Fed. (2d) 609, we held that the salaries of Burges as general counsel for three irrigation districts, two of which were located in Texas, were subject to Federal income tax, and specifically overruled *Richard F. Burges*, 17 B. T. A. 275, which relied on the earlier *Strickland* opinion, among others. The material facts in the instant proceeding are not distinguishable from those in the *Burges* case. We therefore hold that the compensation received in the taxable years in question by the petitioners under contracts with the Hidalgo County Water Improvement District No. Two is not exempt. See also *Buckner* v. *Commissioner*, 77 Fed. (2d) 297, affirming 31 B. T. A. 84.

Upon the second issue, pertaining to the exemption of fees as receiver under appointment by the Seventy-ninth Judicial District Court of Texas, we find the record here no stronger than in *Edward H. Wright*, 29 B. T. A. 1267, and *Gardner Abbott*, 30 B. T. A. 227, and consequently the conclusion there reached, that such fees are not exempt, must be followed.

Reviewed by the Board.

*Judgment will be entered for the respondent.*