## WESTERN UNION TELEGRAPH CO. v. WICHITA COUNTY WATER IMPROVEMENT DIST. NO. 1. (No. 3211.)

Court of Civil Appeals of Texas. Amarillo. May 22, 1929.

Rehearing Denied June 19, 1929.

W. H. Flippen and John T. Gano, both of Dallas (Francis R. Stark and R. H. Overbaugh, both of New York City, of counsel), for plaintiff in error.

Raymond M. Myers, of Wichita Falls, for defendant in error.

RANDOLPH, J. This is a suit brought by the Wichita County water improvement district No. 1, against the defendant, Western Union Telegraph Company, and in the petition of the plaintiff it is alleged that plaintiff is a municipal corporation, incorporated by virtue of certain statutory provisions under what is commonly known as the water improvement district law, praying for judgment against the defendant for taxes, penalty, and interest, covering a period of seven years, totalling the sum of $876.55, and asking for a foreclosure of its lien against certain personal properties of the defendant of a value for each year sought to be foreclosed, of not less than $9,000; further alleging that plaintiff has complied with all the statutory requirements, in connection therewith, and also praying for attorneys' fees.

The original petition was filed on July 22, 1927, and thereafter, and within the time required by law, defendant gave notice and

filed notice, and also filed its petition under such notice, to remove said cause to the United States District Court for the Northern District of Texas, at Wichita Falls, Tex., filing a bond for such removal, as provided by law, such removal being sought on the ground that the defendant was a corporation incorporated under the laws of the state of New York, diversity of citizenship, and that the amount involved was more than the sum of $3,000. Thereupon, under due and proper order of the State District Court, said cause was removed to the United States District Court, and notice of such removal was given by the defendant. The plaintiff in the case at bar then filed in that court, the United States District Court, a motion to remand said cause to the state court, and, after a hearing on such motion, same was granted, and said cause remanded to the state court.

Thereafter plaintiff filed its first amended original petition in the case at bar, setting forth in more detail the matters alleged in the original petition, and to which defendant filed its first amended original answer, raising the constitutionality of the acts under which the plaintiff was organized, and especially with reference to such defendant, together with all other questions involved herein, and brought out by its assignments of error and propositions hereafter set forth.

Trial was had before the court without a jury, and upon an agreed statement of facts, which agreed statement of facts constitute the statement of facts on appeal herein. The trial court thereupon decreed judgment in favor of the plaintiff for the full amount sought to be recovered and for the foreclosure of its liens, from which judgment appeal has been taken to this court.

The questions which are presented under the various assignments of error by the plaintiff in error arise upon the question as to whether or not an owner of personal property, situated within the limits of plaintiff district, can be taxed on such personal property by said district, when the act of the Legislature which provided for the creation of such districts nowhere provides for or permits the owners of such personal property sought to be taxed to be heard on the creation, organization, or benefits to their property, and that the failure to provide for such hearing renders such act unconstitutional and void, being a denial of the rights of all parties owning personal property therein, and particularly of the right of the defendant, who owns no land, but only owns personal property; that such taxation is the taking of property without due process of law and the denial to the defendant of the equal protection of the laws of the state of Texas, as provided under section 1 of the Fourteenth Amendment to the Constitution of the United States, and in violation of article 8, § 1, of the state Constitution. The propositions presented in plaintiff in error's brief urge various phases of the question presented generally and just stated above.

It is further urged that such act of the Legislature providing for water improvement districts, under which the plaintiff was incorporated and organized, creates a special assessment and not a tax against the properties in such district, and that no liability attaches to this defendant's property or to this defendant; that the acts of the Legislature providing for such water improvement districts do not contemplate and cover personal property, such as owned by this defendant, and therefore no liability attaches herein against such defendant (plaintiff in error); further, that the plaintiff in error's telegraph poles, wires, cables, instruments, etc., are personal property; that the statute of two-year limitation applies to the special assessment or tax claimed by the plaintiff corporation, and the judgment herein against this defendant is therefore excessive to the extent of the first five years sought to be recovered.

The question is also raised that, due and proper procedure having been taken by the defendant to remove said cause to the federal District Court, such last-named court only had jurisdiction of this cause, and the state district court, wherein was rendered the judgment herein, was without jurisdiction to hear and determine said cause, for the reason that, where the suit is only for a portion of the taxes to become due through a period of years, the amount in controversy is to be determined on a basis of the total amount of the taxes that will have to be paid under the assessment, and the amount, therefore, here involved was over $3,000; the same objection is raised to the foreclosure of the tax lien.

The acts of the Legislature authorizing the organization of water improvement districts will be found under title 73, chapter 2, of the Revised Civil Statutes of Texas 1911, and of Vernon's Civil Statutes of Texas, Supplements for 1918 and 1922, art. 5107, subds. 1 to 117. These provisions, with amendments, are now found in the Revised Civil Statutes of Texas 1925, but plaintiff in error concedes that, the plaintiff corporation or district having been organized in 1919, the provisions of the 1918 supplement control the disposition of the questions affecting the validity of the levying of the taxes herein contested.

Following the articles providing for the creation of such districts by the commissioners' court and regulating the details of the operation of same, articles 5107—2 and 5107—3 of Vernon's Texas Civil Statutes 1918 provide as follows:

"Art. 5107—2. *Contest of Petition; Hearing.*—Upon the day set by said county commissioners' court for the hearing of said petition, any person whose lands are included in and would be affected by the creation of said district may appear before said court and contest the creation of such district, or

contend for the creation thereof, and may offer testimony to show that such district is or is not necessary and would or would not be of public utility, and that the creation of such district would or would not be feasible or practicable. Said county commissioners shall have exclusive jurisdiction to hear and determine all contests and objections to the creation of such district and all matters pertaining to the same, except as is hereinafter provided, and may adjourn the hearing on any matter connected therewith from day to day and all judgments rendered by said court in relation thereto shall be final, except as herein otherwise provided. (Acts 1913, p. 380, § 2; Act March 19, 1917, ch. 87, § 2.)

"Art. 5107—3. *Findings of Commissioners' Court.*—If, at the hearing of such petition, it shall appear to the satisfaction of the court that the organization of such district and the construction or purchase, or the construction and purchase of the proposed irrigation system, or that cooperation with the United States as in Section 1 (art. 5107—1) provided, is feasible and practicable, and that it is needed and would be a public benefit and a benefit to the lands included in the district, then the court shall so find, and cause its findings to be entered of record; but if the court should find that the irrigation of the lands in such district is not feasible and practicable and that it would not be a public benefit or is not needed or would not be a public utility, then the court may enter such findings of record and dismiss the petition at the cost of petitioners. (Acts 1913, p. 380, § 3; Act March 19, 1917, ch. 87, § 3.)"

Article 3, subdivision (b) of section 52, of the Constitution of the state of Texas, authorizes the creation of water improvement districts, such as the plaintiff district, and the plaintiff in error raises no objection attacking the validity of the organization, but expressly concedes same to have been legally organized.

It will be seen from the statutes quoted that a hearing is provided before the commissioners' court only (1) upon the question as to whether the creation of such district is feasible and practicable, and that such district constitutes a public utility, and (2) that such district would be a public benefit. No private benefit is to be considered, and no question of private detriment is to be determined.

It will be borne in mind that the creation of a district in and of itself cannot be a taking of property as in the exercise of the right of eminent domain, but the question of such unlawful taking arises only by reason of the attempt to levy the tax complained of.

■ The contest of the validity of the taxes and the collection thereof by the plaintiff in error cannot be sustained, unless the tax as levied is void. Hester & Roberts v. Donna Irr. Dist. (Tex. Civ. App.) 239 S. W. 992; Fallbrook Irr. Dist. v. Bradley, 164 U. S. 112,

17 S. Ct. 56, 41 L. Ed. 369; T. & P. Ry. Co. v. Ward Irr. Dist. (Tex. Com. App.) 251 S. W. 212; Parker v. El Paso Improvement Dist., 116 Tex. 631, 297 S. W. 737; Wharton County Drainage Dist. v. Higbee (Tex. Civ. App.) 149 S. W. 381; Smith et al. v. Wilson et al. (D. C.) 13 F.(2d) 1007.

■ Judge McClendon, speaking for the Commission of Appeals in the case of T. & P. Ry. Co. v. Ward County Irr. Dist., supra, holds that, in the absence of fraud, accident, or mistake, the action of the commissioners' court in defining the limits of the district are binding upon all property owners of every character within the district, regardless of whether they are included within the statutory provisions giving the right to petition the directors of the district to exclude their property from its boundaries. This opinion, having been given upon a certified question submitted by the Court of Civil Appeals, was necessarily approved by the Supreme Court before being published.

Upon this theory, as applied by that court to an easement for railroad right of way, the lack of a provision requiring the district to provide for a hearing on the question of benefits does not invalidate the act. See, also, Wilmarth v. Reagan (Tex. Civ. App.) 231 S. W. 445.

Speaking for the Supreme Court, Chief Justice Cureton, in the case of Parker v. El Paso County Water Improvement District, supra, where the contest was based upon the fact that the owner claimed that his land was riparian and he did not desire it included in the irrigation district, holds that property, though not receiving a direct benefit, may be included in an irrigation district. The plaintiff in error concedes that the water furnished by the plaintiff has made crops more certain and more abundant, has increased the agricultural yield, the number of farm homes, the rural population, and the taxable value of the land, and that the lands have steadily increased in value. It is also agreed that the property of plaintiff in error is personal property.

The statutes giving to the commissioners' court the power to create water improvement districts authorize the districts so created to levy and collect an ad valorem tax within constitutional limits within such district upon all real and personal property, and Judge McClendon, in the Ward Irrigation District Case, and Judge Cobbs, in the Hester Case (in which last case writ of error was denied by the Supreme Court), each recognizes the public benefits and the benefits to the lands situated in the district and incidentally to the personal property in the district. In the Ward Case, supra, Judge McClendon says:

"If personal property within an irrigation district is subject to be taxed upon an ad valorem basis, and if privately owned real estate, regardless of its use, is also subject to such taxation, we are unable to conceive up-

on what principle the right of way of a railroad company can be held exempt. The fact that the railroad company may use it and may be able to use it only for railroad purposes, we think, is not material to the inquiry. Railroad property, whether right of way or of other character, is not dedicated to a public use in the sense that it is exempt from taxation and for taxation purposes is treated as the property of a private individual. Our Constitution (art. 8, § 8) makes it taxable within the locality in which it is situated, just as real estate in such locality. Whether it runs through the heart of a great city or over rich lands in a highly developed agricultural community, the value of the right of way is affected by its location and is worth more than where it traverses the desert. It may, it is true, not bring any more revenue to its owner by virtue of its location, but its intrinsic and market value is just as much affected by conditions in its vicinity as is the value of property devoted to any other use. In assessing the value of a railroad right of way for general taxing purposes it could hardly be questioned but that the market or intrinsic value of the land embraced within it is a proper element to be considered, and that that value is fixed by the same conditions which fix the value of property adjacent to it which is devoted to other purposes and fluctuates as does the value of adjacent property. A railroad built through a portion of the black land district of Texas half a century ago, when the value of the land was nominal compared to its present value, has enhanced in value since its construction so far as the right of way is concerned, just as the adjacent lands have enhanced. And so a railroad right of way through an arid portion of the state is enhanced in value by the creation of an irrigation district embracing it just as adjacent lands are thereby enhanced. The fact that the railroad company cannot take advantage of such an enhancement by irrigating and cultivating its right of way does not, we think, militate against the proposition that there is an enhancement or probability of enhancement sufficiently real and tangible to warrant the imposition by the Legislature of a tax for local improvement in the nature of an irrigation project. But, aside from any enhancement in the value of the property occupied by the right of way, it has been held not improper, in determining the power to tax for a local improvement, to consider 'the obvious fact that anything that develops the territory which a railroad serves must necessarily be of benefit to it.' Branson v. Bush [251 U. S. 182, 40 S. Ct. 113, 64 L. Ed. 215], above."

See, also, Branson v. Bush, 251 U. S. 182, 40 S. Ct. 113, 64 L. Ed. 215.

There can be no question that the irrigation project of the defendant in error has increased the value of plaintiff in error's right of way, telegraph poles and lines, and its other personal property by increasing its business and enhancing the value of its right of way—even though it has been agreed that such right of way is "personalty." This is shown by the agreed statement of facts.

"The power to tax personal property upon an ad valorem basis in a local improvement disrict has been upheld whenever the question has arisen in this State. Drainage Dist. v. Higbee (Tex. Civ. App.) 149 S. W. 381; Levee Dist. v. Looney, above [109 Tex. 326, 207 S. W. 310]; Hester v. Irrigation Dist. (Tex. Civ. App.) 239 S. W. 995." T. & P. Ry. Co. v. Ward County Irr. Dist., supra.

The Legislature delegated the creation of water improvement districts to the commissioners' courts and provided for the levy and collection of taxes by a board of directors of the district thus created, acting through the assessor appointed by them within the boundaries of the district, upon all property alike. Hence it was a general tax and not a special assessment. A general tax so levied does not require a hearing upon the benefits to be derived therefrom by the taxpayer; the requirement being that it be levied by the local government for the general purpose of the creation of such government. It is not based upon nor levied upon the theory that it brings to the owner of the land or personal property any special benefits, but, as an owner of property within such district, it is required that he bear his part of the burden that is a benefit to all—the public.

To say that the tax levied in the instant case is void is to say that, if the taxpayer receives no direct benefit to his property by reason of the necessity which existed for the creation of the district, then all taxes must be based upon private or personal benefit. If this were true, then a nonresident who receives no benefit from the state and county tax could claim exemption from the payment thereof. To hold this, as said by Judge Cobb in the Hester Case, would release people who did not have children from any obligation to pay taxes for the support of schools. Such a conclusion is untenable and unthinkable.

When it passed the act herein being considered, the Legislature decided the question of benefits to the property in the district by eliminating any provision for a hearing on such benefits and by providing for a hearing on valuation. Fallbrook Irrigation District v. Bradley, supra.

The statutes under consideration provide for a board of equalization to hear and determine the question of valuation just as in the assessment and levy of state and county taxes, where any complaint as to excessive valuation may be presented and determined.

The complaint that the case was removed to the United States District Court and was thereafter remanded to the state District Court for trial by said United States

190

District Court cannot be considered by us. The United States District Court entered its final judgment remanding the case, and we are bound by such judgment.

The two-year statute of limitation does not apply to the tax herein sued on, as it is expressly provided in article 7675, R. C. S. 1925 (Vernon's Complete Texas Statutes), that no period of limitation shall apply to such taxes accruing after the formation of such district. The tax herein sued on became delinquent February 1, 1921. The act above cited took effect in March, 1921, hence the period of limitation had not expired at the time of the enactment of such provision. Acts Regular Session, 37th Legislature, Gammel's Laws, vol. 20, page 19, § 40.

We have considered all propositions and assignments, and, finding no reversible error, we affirm the judgment of the trial court.