

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS
~~WILL WILSON~~
ATTORNEY GENERAL

Honorable James D. Willis
District Attorney
Pecos, Texas

Dear Sir:

Opinion No. O-7065
Re: Qualifications of voters
in an election to be held
within a Water Improvement
District upon proposition
as to whether said District
shall enter into a contract
with the United States for
the acquisition of addition-
al water supply and the lev-
ying of taxes in payment
therefor.

    We are in receipt of your letter of recent date re-
questing the opinion of this department on the above stated
matter. We quote from your letter as follows:

    "At the request of certain interested citizens
in this County, I am writing you for an opinion on
the following question:

    "Reeves County Irrigation Company was organized
in 1914 with final confirmation in 1915, as an irri-
gation district. The District was changed by the
Board of Directors on June 1, 1917, to a Water Im-
provement District.

    "Article 7691 of the Revised Statutes provides,
with reference to qualification of voters, as fol-
lows:

    "'###None but resident property taxpayers who
are qualified voters of said district shall be en-
titled to vote at any election on any question sub-
mitted to the voters thereof by the directors for
such district at such election.###'

"Article 7631 of the Revised Statutes, with
reference to elections in Irrigation Districts,
provides, in part, as follows:

"'The manner of conducting elections herein
provided for shall be governed by the general e-
lection laws of the State except as herein other-
wise provided. At such election none but resident
property taxpayers who are qualified voters under
the laws of the State shall be entitled to vote.***'

"Article 6, Section 3-a of the State Consti-
tution provides as follows:

"'When an election is held by any county, or
any number of counties or any political sub-div-
ision of the State, or any political subdivision
of a county, or any defined district now or here-
after to be described and defined within the State
and which may or may not include towns, villages
or municipal corporations, or any city, town or
village, for the purpose of issuing bonds or other-
wise lending credit or expending money or assuming
any debt, only qualified electors who own taxable
property in the State, County, political subdivi-
sion, district, city, town or village where such
election is held, and who have duly rendered the
same for taxation, shall be qualified to vote and
all electors shall vote in the election precinct
of their residence'.

"By Act of the 48th Legislature, 1943, P. 32,
ch. 30, the Legislature attempted to amend Article
7631, above quoted, and passed the following Act:

"'The manner of conducting elections herein
provided for shall be governed by the general elec-
tion laws of the State except as hereinotherwise
provided. At such election none but person re-
siding in the County wherein the District is lo-
cated who own taxable Real Property within the
District and who are qualified voters of the Coun-
ty under the laws of the State shall be entitled
to vote.***'

"At an early date an election will be held within the boundaries of Reeves County Water Improvement District No. 1 to determine whether or not the qualified electors of said District shall ratify and confirm the action of the Board of Directors in entering into a contract with the United States of America providing for the acquisition of an additional water supply for the District and of building canals and for other improvements and for the levy of taxes in payment therefor, etc.

"QUESTION: (1) Under the amendment by the Legislature of Article 7631 in 1943, may citizens of Reeves County, who live outside of the boundaries of Reeves County Water Improvement District No. 1, who are other wise qualified voters, and who own lands in the District, vote at said elections? (2) Are Voters at said election restricted to those who own taxable real property in the district? (3) Is not such amendment (1943) to Article 7631 unconstitutional and in violation of Article 6, Section 3-a of the Constitution? (4) Does not said amendment of 1943 refer alone to Organization of Districts, and not to an election for bond issues or contracts with the United States?"

In connection with the questions you have raised with reference to the manner of conducting the contemplated election, we note that Articles 7622--7657, Vernon's Annotated Civil Statutes, contain provisions relative to the creation of Water Improvement Districts, the election for the organization of such Districts, the election, qualification and organization of the Board of Directors, the powers and functions of the Board of Directors, and the appointment or election of the Tax Assessor and Collector for each of such Districts. Also, we call your attention to the following provisions with reference to the assessment and rendition of property for taxation in said Districts:

### Article 7658, V. A. C. S.

"Immediately upon the qualification of the assesor and collector, as hereinbefore provided, he shall enter upon the discharge of his duties, and shall at once proceed to make an assessment

of all the taxable property, both real, personal and mixed, in his said district; and such assessment shall be made annually thereafter." (Acts 1917, p. 181, sec. 25.)

### Article 7659, V. A. C. S.

"Said assessment shall be made upon blanks to be provided by the directors for such district. Said assessment shall consist of a full statement of all property owned by the party rendering same in said district and subject to taxation therein, and shall state the full value therof. There shall be attached to each such assessment an affidavit made by the owner or his agent rendering said property for taxation to the effect that said assessment or rendition contains a true and complete statement of all property owned by the party for whom said rendition is made in said district and subject to State and county taxation therein; and in addition to all such assessments or renditions made by the owner or agents of such property the tax assessor shall make out similar lists of all property not rendered for taxation in such districts that is subject to State and County taxation therein." (Id.)

### Article 7660, V. A. C. S.

"Each and every person, partnership or corporation owning taxable property in such district shall render same for taxation to the assessor when called upon so to do, and if not called upon by the assessor, the owner shall on or before June 1 of each year nevertheless render for taxation all property owned by him in the district subject to taxation. And all laws and penal statutes of this State providing for securing the rendition of property for State and county taxes, and providing penalties for the failure to render such properties shall apply to all persons, partnerships or corporations owning or holding property in any such district. The tax assessors shall have authority to administer oaths to fully carry out the provisions of this section." (Id.)

With reference to the statutory provisions governing elections ordered after the establishment of a Water Improvement District, which pertain to the issuance of bonds or contracts with the United States, we call your attention to the following:

### Article 7688, V. A. C. S.

"After the establishment of any such district and the qualification of the directors thereof, and after the making and filing of such maps, profiles, specifications and estimate as provided for in the preceeding article and after the making and return of the assessment roll by the assessor and collector for said district, as provided for in this Act, the board of directors may order an election to be held within such district at the earliest possible legal time at which election there shall be submitted the proposition and none other: 'For the issuance of bonds and levy of tax and payment therefor.' "Against the issuance of bonds and levy of tax and payment therefor.' In the event that contract is proposed to be made with the United States under the Federal reclamation laws, the question which shall be submitted to the voters at such election shall be: 'For contract with the United States and levy of taxes and payment therefor,' and 'Aganist contract with the United States and levy of taxes and payment therefor.'" (Id. p. 188, sec. 52.)

### Article 7691, V. A. C. S.

"The manner of conducting all elections herein provided for shall be governed by the election laws of the State of Texas, except as herein otherwise provided. None but resident property taxpayers who are qualified voters of said district shall be entitled to vote at any election on any question submitted to the voters thereof by the director for such district at such election. The directors for such district shall name a polling place for such election in each voting precinct or part of the voting precinct embraced in said district, and shall be the presiding judge, and two clerks, for each voting precinct designated in said order; and shall

provide one and one-half times as many ballots for
said election as there are qualified resident tax-
paying voters within such district, as shown by
the tax rolls of said county.  Said ballot shall
have written or printed thereon these words, and no
others:  'For the issuance of bonds and levy of tax
in payment therefor,' and 'Against the issuance of
bonds and levy of tax in payment therefor.'  If
it is proposed that contract be entered into with
the United States the ballot shall contain the fol-
lowing words, and no others:  'For contract with
the United States and levy of taxes and payment
therefor,'  and 'Against contract with the United
States and levy of taxes and payment therefor.'"
(Acts 1917, p. 188, sec. 54.)

Article 7697, V. A. C. S.

"Provided, however, that if after an election
has been held for the issuance of bonds or for con-
tract with the United States, and the tax authorized
and levied, and bonds have been authorized to be is-
sued, or have been issued as provided for in this
chapter, or contract with the United States author-
ized or executed, as the case may be, the directors
for said district shall consider it necessary to
make any modifications in said district, or in any
of the improvements thereof, or shall determine to
purchase or construct any further or additional im-
provements thereof, or shall determine to purchase
or construct any further additional improvements
therein and issue additional bonds upon the report
of the engineers, or shall determine to make sup-
plemental contract with the United States, or upon
its own motion may find if necessary to make said
additional improvements, or purchase additional
property in order to carry out the purpose for which
said district was organized, or to best serve the
interest of said district, said findings shall be
entered of record, and notice of an election for
the issuance of said bonds, or for the authorization
of contract with the United States shall be given
and such election held within such times, and the
returns of such election made as hereinbefore pro-
vided for in cases of original election, and the

result thereof determined in the same manner."
(Id.)

It is apparent that the language, "hereinbefore
provided for in cases of original election," contained in
Article 7697, supra, refers to those provisions contained
in Articles 7688, 7691 and related articles pertaining to
notices of election, etc., which are applicable to elections,
called by the Board of Directors of such District, involving
the issuance of bonds or entering contracts with the United
States and levying taxes in connection therewith.

According to your letter, the Reeves County Water
Improvement District No. 1 has been organized and established
for many years, and the election about which you inquire in-
volves the ratification and confirmation of a contract between
the Board of Directors of said District and the United States
and the levying of taxes in payment therefor. In connection
with the contemplated election, the question was raised as
to whether Article 7631, V. A. C. S. (quoted, in part, in
your request) would be applicable to the manner of conducting
such election. With reference to the purpose of elections
referred to in Article 7631, we call your attention to the
case of Western Union Telegraph Co. v. Wichita County Water
Improvement Dist. No. 1, (Com. App.), 30 S. W. (2d) 301, af-
firming 19 S. W. (2d) 186, wherein the Supreme Court considered,
among other provisions pertaining to Water Improvement Dis-
tricts, the provisions of Section 7 of Article 5197, V. A.
C. S. (1918). We note here that the main portion of the
above mentioned Section was carried forward into the 1925
codification as Article 7631, and although said Article has
been amended in certain respects since 1925, the same general
purpose of said Section 6 of Article 5107, and its relative
position with respect to the series of provisions dealing
with Water Improvement Districts are still retained in Ar-
ticle 7631. In the above cited case the Court specifically
pointed out that the election referred to in Section 7 of
Article 5196, V. A. C. S., 1918 (now Article 7631) was an
election for the purpose of incorporation and organization
of a Water Improvement District.

In view of the foregoing and after carefully con-
sidering the various provisions of Chapter 2, Title 128,
V. A. C. S., it is our opinion that the elections contemplated

in Article 7631, which are ordered by the county commissioners' court, are elections pertaining to the original organization of Water Improvement Districts, while the elections contemplated by Article 7691 are elections ordered by the Board of Directors of a Water Improvement District, pertaining to the voting of taxes against the property of such District, after it has been organized and established. Since the election to be held in the Reeves County Water Improvement District No. 1 does not pertain to the organization or establishment of such District, but pertains to the ratification and confirmation of a contract between its Board of Directors and the United States and the levying of taxes in connection therewith, it is therefore our opinion that the manner of conducting such election would be governed by the provisions of Article 7691 and that Article 7631 would have no application to said election. In view of this, we shall not herein further consider any matters with reference to the provisions of Article 7631.

In view of the foregoing, you are advised that under the provisions of Article 7691, only qualified voters who are resident property taxpayers of said Water Improvement District would be entitled to vote, and that such resident property taxpayers who are qualified voters would include the owners of "both real, personal and mixed property," where such property has been duly rendered for taxation in said District. (See Articles 7658, 7659, 7660; Western Union Telegraph Co. v. Wichita County Water Improvement Dist. No. 1, supra)

We trust that the above and foregoing will satisfactorily answer your inquiries.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By                    J. A. Ellis
                      Assistant

JAE:bw/PAM

APPROVED FEB. 5, 1946
CARLOS C. ASHLEY
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED OPINION BOMMITTEE
BY BWB, CHAIRMAN